**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

|  |  |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC. <br><br> Plaintiffs, <br><br> v. <br><br> SWISHER INTERNATIONAL, INC., <br><br> Defendant. | Misc. Case No. |

**SWISHER INTERNATIONAL INC.'S MOTION TO COMPEL AKRUM ALRAHIB TO COMPLY WITH A SUBPOENA TO PRODUCE DOCUMENTS PURSUANT TO FED. R. CIV. P. 45**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................................................. 1

II.     BACKGROUND .................................................................................................. 2

        A.      The Action Giving Rise to the Subpoena ............................................... 2

        B.      The Subpoena and the Parties' Meet and Confer.................................... 6

III.    LEGAL STANDARD........................................................................................... 8

IV.     ARGUMENT ....................................................................................................... 9

        A.      Mr. Alrahib Should Be Compelled to Produce Documents Disclosed in
                His Criminal Cases (Request Nos. 1-7) ................................................ 10

                1.      Specific Item to Be Compelled .................................................. 10

                2.      Specific Objections and the Grounds Assigned Therefor........... 11

                3.      Reasons Supporting an Order Compelling Compliance .............. 11

        B.      Mr. Alrahib Should Be Compelled to Conduct a Diligent Search for
                Documents That He Contends Do Not Exist (Request Nos. 11, 12, 15, 17
                and 18) ................................................................................................... 12

                1.      Specific Item to Be Compelled and Specific Objections and
                        Responses Thereto .................................................................... 12

                2.      Reasons Supporting an Order Compelling Compliance .............. 14

        C.      Mr. Alrahib Should Be Compelled to Produce Documents For Which He
                Improperly Asserts the Fifth Amendment Privilege (Request Nos. 8, 10
                and 21) ................................................................................................... 15

                1.      Specific Item to Be Compelled and Specific Objections and
                        Responses Thereto .................................................................... 15

                2.      Reasons Supporting an Order Compelling Compliance .............. 16

        D.      Mr. Alrahib Should Be Compelled to Produce a Privilege Log for Any
                Documents that He is Withholding on the Grounds of Privilege (Request
                Nos. 9, 19 and 20) ................................................................................. 17

## TABLE OF CONTENTS

Page

1.  Specific Item to Be Compelled and Specific Objections and Responses Thereto .................................................................. 17

2.  Reasons Supporting an Order Compelling Compliance .............................. 18

E.  Mr. Alrahib Should Be Compelled to Produce Documents Relating to Kickbacks that He Received from the Tax Evasion (Request Nos. 13 and 14) .................................................................................................. 19

1.  Specific Item to Be Compelled and Specific Objections and Responses Thereto .................................................................. 19

2.  Reasons Supporting an Order Compelling Compliance .............................. 20

V.  CONCLUSION ..................................................................... 20

VI. CERTIFICATE OF GOOD FAITH CONFERENCE .................................... 20

# TABLE OF AUTHORITIES

Page(s)

## Cases

A. Farber & Partners, Inc. v. Garber,
  234 F.R.D. 186 (C.D. Cal. 2006) ...........................................................................14

Abadia-Peixoto v. U.S. Dep't of Homeland Sec.,
  2013 WL 4511925 (N.D. Cal. Aug. 23, 2013) .......................................................14

Adelman v. Boy Scouts of Am.,
  276 F.R.D. 681 (S.D. Fla. 2011) ..............................................................................9

Alvar v. No Pressure Roof Cleaning, LLC,
  2018 WL 1187777 (S.D. Fla. Mar. 7, 2018)............................................................9

Axler v. Scientific Ecology Group, Inc.,
  196 F.R.D. 210 (D. Mass. 2000).........................................................................8, 12

Bailey Indus., Inc. v. CLJP, Inc.,
  270 F.R.D. 662 (N.D. Fla. 2010) .............................................................................8

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,
  408 F.3d 1142 (9th Cir. 2005) ...............................................................................19

Cadle v. GEICO Gen. Ins. Co.,
  2014 WL 12639859 (M.D. Fla. Aug. 29, 2014) ......................................................8

Cherestal v. Sears Roebuck & Co.,
  2013 WL 5305671 (M.D. Fla. Sept. 20, 2013) ....................................................8, 12

In re Disposable Contact Lens Antitrust,
  329 F.R.D. 336 (M.D. Fla. 2018).............................................................................8

Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,
  2001 WL 34079319 (S.D. Fla. Nov. 1, 2001)..........................................................9

Farnsworth v. Procter & Gamble Co.,
  758 F.2d 1545 (11th Cir. 1985) ...............................................................................8

Fed. Trade Comm'n v. Simple Health Plans LLC,
  2019 WL 7371812 (S.D. Fla. Nov. 19, 2019)..............................................9, 12, 15

Fisher v. United States,
  425 U.S. 391(1976).............................................................................................16, 17

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Fresenius Med. Care Holding Inc. v. Baxter Int'l, In*c.,
224 F.R.D. 644 (N.D. Cal. 2004) ................................................................9

*In re Grand Jury (Attorney-Client Privilege)*,
527 F.3d 200 (D.C. Cir. 2008) ..............................................................19

*In re Grand Jury Investigation*,
842 F.2d 1223 (11th Cir. 1987) ................................................................9

*In re Grand Jury Subpoena*,
831 F.2d 225 (11th Cir. 1987) ...............................................................19

*Gray v. Faulkner*,
148 F.R.D. 220 (N.D. Ind. 1992) ..............................................................9

*United States ex rel. Rigsby v. State Farm Fire & Cas. C*o.,
2010 WL 11651887 (E.D. Ky. June 25, 2010) ...............................................12

*Panola Land Buyers Ass'n*,
762 F.2d 1550 (11th Cir. 1985) ................................................................9

*Rodman v. Safeway Inc.*,
2016 WL 5791210 (N.D. Cal. Oct. 4, 2016)...........................................8, 14

*Rogers v. United States*,
340 U.S. 367 (1951) ..............................................................................17

*In re Rosenthal*,
2008 WL 983702 (S.D. Tex. Mar. 28, 2008) ...............................................8

*Sallah v. Worldwide Clearing LLC*,
855 F. Supp. 2d 1364 (S.D. Fla. 2012) ......................................................17

*United States v. Hubbell*,
530 U.S. 27 (2000)................................................................................16

*V5 Techs. v. Switch, Ltd.*,
332 F.R.D. 356 (D. Nev. 2019)........................................................8, 14, 15

*Walinbay S.A. v. Fresh Results, LLC*,
2014 WL 1267170 (S.D. Fla. Feb. 26, 2014) ..............................................15

### Rules

Fed. R. Civ. P. 26(g) ...............................................................................8

**TABLE OF AUTHORITIES**
(continued)

Page(s)

Fed. R. Civ. P. 45(a)(1)(A)(iii) ........................................................................................8

Fed. R. Civ. P. 45(e)(2)(A)(ii) ...................................................................................9, 18

S.D. Fla. L.R. 26.1(e)(2)(E)........................................................................................9, 18

S.D. Fla. L. R. 26.1(h)(2)................................................................................................9

v

Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure and Local Rule 26.1(g) of the Local Rules of the United States District Court for the Southern District of Florida, Swisher International, Inc. ("Swisher"), defendant in *Trendsettah USA, Inc.* v. *Swisher International, Inc.*, Case No. 1:18-CV-01664, pending in the United States District Court for the Central District of California (the "Action"), by and through its undersigned counsel, hereby move for an order compelling Akrum Alrahib to comply with Swisher's subpoena for the production of documents ("Subpoena").

## I.      INTRODUCTION

Mr. Alrahib is the founder, former CEO and one of the shareholders of Trendsettah USA and Trend Settah Inc. ("TSI") who is currently incarcerated in Florida pending two criminal cases filed against him for tax evasion, witness tampering and obstruction of justice.  His conspiracy with TSI's importer to evade the hefty federal tobacco excise tax of 52.75% on TSI's cigarillos imported from the Dominican Republic—which TSI concealed from Swisher throughout the course of the Action and was revealed for the first time in 2019 when Mr. Alrahib's criminal indictment was made public—resulted in a finding by the court in the Action that TSI had engaged in fraud on the court.  In so holding, the court in the Action found that Mr. Alrahib's unlawful tax evasion was material because, among other things, it undermined TSI's entire theory of injury and damages and undercut Mr. Alrahib's credibility that was central to the trial.  Moreover, based on Mr. Alrahib's tax evasion and additional information concerning his criminal activities that have come to light, Swisher was permitted to assert two additional defenses that may defeat TSI's claims.  The court in the Action thus ordered a complete retrial and stated that it would be "rather liberal" in allowing discovery.

Notwithstanding the court's rulings and guidance, Mr. Alrahib has taken to stonewalling Swisher's discovery.  In response to Swisher's Subpoena seeking documents relating to issues the court in the Action has already determined to be material, Mr. Alrahib has refused to produce ***any*** documents based on unspecified, unsubstantiated and wholly meritless objections.  Ensuing meet-and-confer discussions with Mr. Alrahib's counsel, who also represent TSI in the Action, confirmed that neither Mr. Alrahib nor his counsel has undertaken any inquiry or diligence regarding the factual or legal bases of his objections and responses, instead relying on Mr. Alrahib's counsel's "intuitions."  Moreover, Mr. Alrahib confirmed that highly probative documents responsive to Swisher's Subpoena, including documents and evidence produced by Mr.

1

Alrahib and the government in Mr. Alrahib's criminal cases—which Mr. Alrahib is defending on the grounds that his status as a confidential informant gave him the immunity to violate all applicable tax laws and enrich himself—are in the possession of Mr. Alrahib's attorneys and that there is no impediment to producing them. Yet, Mr. Alrahib refused to comply with the Subpoena based on his unsupported claim that incarcerated individuals are exempted from complying with a subpoena. The law does not permit Mr. Alrahib to avoid his legal duties on such basis. This type of evasive and obstructionist conduct deprived Swisher of a fair opportunity to defend itself in first trial in the Action and should not be tolerated. Accordingly, Swisher respectfully request that the Court order Mr. Alrahib to promptly locate and produce all documents responsive to Swisher's Subpoena within 10 days of the Court's order.

## II.   BACKGROUND

### A.   The Action Giving Rise to the Subpoena

Mr. Alrahib is TSI's founder and chief executive officer who oversaw the day-to-day operations, of TSI. Declaration of Minae Yu, Ex. B at 3. Mr. Alrahib, together with his family, own TSI. *Id.* In 2014, TSI initiated the Action, alleging that it was an upstart competitor with a "low cost" product that had been "crush[ed]" by Swisher and deprived of "millions of dollars of lost profits." *Id.* Ex. A ¶¶ 6-7, 44. Unbeknownst to Swisher, that "low cost" business model hinged on a criminal conspiracy between Mr. Alrahib and TSI's importer, Mr. Tony Bryant of Havana 59, to evade millions of dollars in federal excise taxes on TSI's imported cigarillos. TSI, however, concealed the tax evasion and fraudulently secured a trebled damages award of $44.4 million through "non-disclosure of material facts, misrepresentations during discovery, and presentation of false financial information to the Court and the jury." *Id.*, Ex. C at 9, 10, n. 9.

The truth began to emerge in April 2019 when a criminal indictment charging Mr. Alrahib with tax evasion in *USA v. Akrum Alrahib*, Case No. 1:19-cr-20165, pending in the Southern District of Florida ("Alrahib Tax Evasion Case"), was unsealed in connection with Mr. Alrahib's arrest. Yu Decl. ¶ 5, Ex. B at 3. According to the indictment in the Alrahib Tax Evasion Case, starting in April 2013 and continuing to end of 2014, Mr. Alrahib and Mr. Bryant conspired to evade federal excise taxes on TSI's cigarillos by drastically underreporting the first sale price of TSI's cigarillos to the U.S. Customs and Border Protection using fabricated invoices. Yu Decl. Ex. B at 3. Because excise taxes are computed as 52.75% of the first sale price, the tax evasion scheme allowed TSI to secure its products at a fraction of their true cost. *Id.* The government also

alleged that TSI received over $700,000 from Havana 59 as kickbacks in the form of payroll checks for TSI's employees and free cigar manufacturing equipment.  *Id.*

The charges in the indictment are not mere allegations.  In a voluntary video-recorded interview conducted by Internal Revenue Service and Alcohol and Tobacco Tax and Trade Bureau agents (the "Interview") in May 2017, Mr. Alrahib confessed that he conspired with Mr. Bryant to illegally lower TSI's costs.  Yu Decl. Ex. B at 4.  Excerpts of the transcript of the Interview that have been made public in the Alrahib Tax Evasion Case provide an account of Mr. Alrahib's scheme with Mr. Bryant.  *Id.* at 4-7.  According to Mr. Alrahib, Mr. Bryant invoiced TSI for a fraction of the taxes due on TSI's cigarillos, TSI paid the sham invoices, and Havana 59 kicked-back about 40% of that amount to TSI.  *Id.*  Mr. Bryant pocketed some of the remaining money for himself and remitted the rest to the government, fraudulently underreporting and significantly evading the taxes lawfully due on TSI's imported cigarillos.  *Id.*  In reality, TSI and Havana 59 never even engaged in any real economic transactions.  When the government agents asked Mr. Alrahib to confirm that "Tony [Bryant] never charged ***Trendsettah, being you***, enough money to cover the actual cost of the product," Mr. Alrahib stated, "No.  Of course not.  ***It was all a game***." *Id.* at 6 (emphasis added).  Indeed, as Mr. Alrahib confessed, TSI could not have imported and sold its cigarillos in the U.S. "if everything was crystal clear, and all the taxes were paid, all the federal taxes were paid properly to come into the U.S."  Yu Decl. Ex. C at 9.

TSI concealed the tax evasion scheme through numerous acts of misconduct throughout the Action.  Among other things, TSI objected to Swisher's discovery requests seeking documents reflecting the amount of federal excise taxes paid on TSI's cigarillos on the grounds that such documents were irrelevant and that their production would be burdensome.  Yu Decl. Ex. B at 11-12.  During the meet and confer that ensued, TSI's counsel then represented that all proper taxes were paid on TSI's products.  *Id.* at 12, 15.  TSI's counsel later admitted that these objections and representations were made without any investigation.  Yu Decl. Ex. H ¶ 24.

Then during deposition, Mr. Alrahib was questioned about a previous forfeiture action against him flowing from nonpayment of state excise taxes.  Mr. Alrahib acknowledged the failure, but testified that he had learned from his past failure to pay excise taxes and expressed remorse for his past mistake, as if his tax evasion activities had not continued.  Yu Decl. Ex. B at 15, Ex. C at 9, n.8.  TSI then moved *in limine* to exclude "any evidence or argument regarding any tax or regulatory enforcement actions Alrahib faced in the years prior to TSI's manufacturing

relationship with Swisher," arguing that Mr. Alrahib's prior failure to pay excise taxes had nothing to do with the Action and that the admission of such past tax issues would lead to "unfair" prejudice. Yu Decl. Ex. B at 13. Misled by "TSI's inaccurate arguments that Alrahib's federal excise tax violations were merely past wrongs," the court granted the motion and Swisher was foreclosed from inquiring into Mr. Alrahib's documented history of tax evasion. *Id.* TSI's counsel late admitted that TSI's motion *in limine* might well be viewed as involving "negligent misrepresentation." Yu Decl., Ex. J at 8:21-22.

With Mr. Alrahib's tax evasion concealed, "TSI presented to the jury and the Court a theory of 'lost profits' premised on inaccurate data which was a product of a fraudulent tax evasion scheme." Yu Decl. Ex. B at 14. Specifically, TSI's expert witness, Dr. Deforest McDuff, testified, based on the profit margins on TSI's tax-evaded cigarillos, that TSI suffered lost profits of $9 million between 2012 and 2015. *Id.* at 14. Dr. McDuff further testified that TSI suffered lost profits of nearly $6 million from future sales, *id.*, which covered the period extending into 2019 and beyond, Yu Decl., Ex. G ¶¶ 9, 44-45. The jury awarded TSI the exact amounts of lost profits computed by Dr. McDuff. Yu Decl. Ex. B at 14.

On July 22, 2019, Swisher moved for relief from TSI's fraudulently secured judgment. Yu Decl. ¶ 3. On August 19, 2019, the court granted Swisher's motion, finding that "TSI's conduct tainted the integrity of the trial and interfered with the judicial process, and the judgment must be set aside." *Id.*, Ex. B at 14. In so holding, the court found that Mr. Alrahib's tax evasion was not only relevant, but material to the Action, holding that "[b]ecause Mr. Alrahib's criminal conduct distorted Trendsettah's costs, prices, demand and profitability, there is no competent, non-speculative evidence to show that there was any injury or the extent of damages caused by Swisher's conduct." *Id.*, Ex. C at 9-10; *see also id.*, Ex. B at 12-14. The court also noted that Mr. Alrahib's "credibility was a central issue at trial," as he was TSI's first witness, and offered testimony regarding nearly every element of TSI's claims. *Id.* Ex. B at 13.

The full extent and scope of Mr. Alrahib's criminal activities remain to be discovered. Indeed, Mr. Alrahib confessed that he participated in ***four*** separate tax evasion schemes involving at least ***five*** different co-conspirators. Yu Decl., Ex. E at 3. Mr. Alrahib's illegal tax evasion thus extends beyond his conspiracy with Mr. Bryant that is covered by the indictment in the Alrahib Tax Evasion Case. For instance, shortly after 2015 when Mr. Bryant "got in trouble with the federal government," Mr. Alrahib "turned to an employee of his and set up that employee with his

4

own importer's license so that employee could evade excise taxes on the [Mr. Alrahib's] behalf." Yu Decl., Ex. F at 11:23-12:13.  Mr. Alrahib also set up his own manufacturing company in Dominican Republic called FASST Holdings.  *Id.* at 27:7-29:21.  Then using FASST Holdings and various straw importers over the years, Mr. Alrahib continued importing tax-evaded cigarillos and reselling them throughout the U.S.  *Id.* at 13:18-15:19, 29:5-21.

Moreover, on September 23, 2019, a second criminal complaint was filed in the Southern District of Florida against Mr. Alrahib, Case No. 1:19-cr-20664-RS ("Alrahib Witness Tampering Case") charging Mr. Alrahib with witness tampering, obstruction of justice and additional counts of tax evasion. Yu Decl., Ex. K, Affidavit of John Siddons, ¶¶ 7–22, 35.  An indictment followed on October 10, 2019.  Yu Decl., Ex. L.  According to the complaint and the indictment in the second criminal case, Mr. Alrahib attempted to bribe a former employee of TSI with information relevant to the Alrahib Tax Evasion Case to avoid testifying at his trial.  Yu Decl. Ex. K ¶ 20, Ex. L at 5-7.  Given that the Alrahib Tax Evasion Case relate entirely to TSI's products at issue in the Action, Mr. Alrahib's conduct has placed evidence relevant to the Action in jeopardy as well.

The Alrahib Witness Tampering Case also revealed additional instances of tax evasion by Mr. Alrahib.  In 2018, Mr. Alrahib apparently founded another business called IST Brands Inc. ("IST") and started evading taxes through that entity.  Yu Decl., Ex. K, Siddons Affidavit, ¶¶ 7–16, Ex. L at 3-4.  What's more, according to filings in the Alrahib Tax Evasion Case, IST and TSI are "business partners."  Yu Decl., Ex. N at 5.  TSI has allegedly wired over $1.8 million to IST Brands in 2019 and other officers of TSI sent over $100,000 to IST as well.  *Id.*  The precise nature of TSI's relationship with IST is not yet known—IST may be another straw importer supplying TSI with tax evaded cigarillo or TSI may have transferred its assets to IST, leaving TSI as a shell corporation.  Indeed, Mr. Alrahib's counsel has confirmed that TSI has now closed down its operations. Yu Decl. ¶ 30.  Additionally, Mr. Alrahib is currently being investigated by the Eastern District of California for state tax evasion and fraud offenses unrelated to the crimes charged in the Alrahib Tax Evasion Case and the Alrahib Witness Tampering Case.  Yu Decl., Ex. O at 1-2.

Mr. Alrahib apparently intends to defend his actions by arguing that he "was given full clearance to go and sell tobacco, taxed or untaxed, into the state of California and evade excise taxes" since 2008 as a result of his role as a confidential informant for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), *see* Yu Decl., Ex. P at 1, Ex. Q at 3, even though he admitted that no law enforcement agent ever authorized him to enrich himself by breaking the law

and evading excise taxes.  Yu Decl. Ex. R at 2-4.

All of the foregoing raises serious doubts that TSI was ever a legitimate business, much less a profitable one.  Accordingly, on November 18, 2019, TSI moved the court in the Action for permission to assert two additional affirmative defenses of Illegality and Fraudulent Inducement, which the court granted.  Yu Decl. ¶ 4, Ex. C at 12.  The Action is currently scheduled for a new trial on December 8, 2020 and fact discovery cutoff is August 24, 2020.  *Id.* ¶ 20, Ex. S.  The court in the Action ordered a "complete retrial" for which Swisher must "have a fair opportunity" to take "rather liberal" discovery.  *Id.*, Ex. I at 7:4–11.

**B.     The Subpoena and the Parties' Meet and Confer**

On January 24, 2020, Swisher served TSI with a notice of service of the Subpoena, along with a copy of the Subpoena.  Yu Decl. ¶ 21.  Among other things, the Subpoena sought documents relating to Mr. Alrahib's tax evasion, as well as other documents relevant to TSI's profits, the involvement of other officers of TSI in Mr. Alrahib's tax evasion schemes, and Mr. Alrahib's potential interference with evidence and testimony relevant to the Action.  *Id.*, Ex. T, Attach. Based on representation by TSI's counsel, Mr. Poe, that his firm also represented Mr. Alrahib in the Action, Swisher's counsel inquired whether Mr. Poe would accept service of the subpoena on behalf of Mr. Alrahib.  *Id.* ¶ 22.  After receiving no response, Swisher's counsel inquired with Mr. Alrahib's criminal counsel whether he would accept service on Mr. Alrahib's behalf.  *Id.*  Mr. Poe then complained, stating that all inquiries should be directed to him.  *Id.*  Swisher's counsel then asked again whether Mr. Poe would accept service on behalf of Mr. Alrahib, but he refused, stating "we won't." *Id.*  On January 30, 2020, Swisher served Mr. Alrahib at the Miami Federal Detention Center where he is currently detained.  *Id.* ¶ 23, Ex. V.  Swisher's counsel also provided a copy of the Subpoena to the government attorney in Mr. Alrahib's criminal cases.  *Id.* ¶ 24.

On February 6, 2020, Mr. Alrahib's counsel served Mr. Alrahib's objections and responses to Swisher's Subpoena, refusing to produce any documents based on a host of boilerplate objections.  Yu Decl. ¶ 25, Ex. W.  On February 12, 2020, counsel for Swisher and Mr. Alrahib met and conferred concerning the Subpoena.  *Id.* ¶ 26.  At that time, Mr. Alrahib's counsel stated that while Mr. Alrahib stands on his objections, he was open to potentially producing a narrow set of documents.  *Id.*  Specifically, Mr. Alrahib's counsel identified documents responsive to Requests 1-7, which seek documents disclosed by Mr. Alrahib and the government in the criminal cases, as one plausible category of documents Mr. Alrahib may be able to produce.  *Id.*  Mr.

Alrahib's counsel agreed that such documents would not implicate any privilege concerns and acknowledged that the court in the Action would consider such documents to be relevant. *Id.* Mr. Alrahib's counsel, however, stated that a protective order in one of the two cases may prohibit the production of documents. *Id.* Swisher's counsel stated that Swisher would comply with any protective order in the criminal cases and agreed to give Mr. Alrahib's counsel time to confer with Mr. Alrahib's criminal counsel about any confidentiality concerns. *Id.* The parties also discussed other objections and responses asserted by Mr. Alrahib, including objections that the requests were overly broad and burdensome and Mr. Alrahib's responses that certain documents do not exist. *Id.* ¶ 27. When asked why or how the requests were overbroad or burdensome, Mr. Alrahib's counsel did not provide any details. *Id.* When asked whether Mr. Alrahib or his counsel had conducted any searches to confirm that certain documents do not exist as represented in the responses, Mr. Alrahib's counsel responded that it "loops back" to over breadth. *Id.* When Swisher's counsel asked again whether any searches were conducted, Mr. Alrahib's counsel stated that the parties would have to first agree on search terms. *Id.* Swisher's counsel responded that it was prepared to work with the Mr. Alrahib's counsel on mutually agreeable search terms and the parties agreed to further confer on the issue. *Id.* Swisher's counsel also inquired about Mr. Alrahib's assertions of privilege, which were made without providing any information necessary to evaluate the claim. *Id.* Mr. Alrahib's counsel confirmed that these assertions were not made with anything specific in mind and acknowledged that Mr. Alrahib would need to provide a privilege log. *Id.* The parties agreed to reconvene after Mr. Alrahib's counsel had time to look further into the issues raised during the meet and confer, with Mr. Alrahib's counsel agreeing to prioritize his inquiry into the documents responsive to Requests 1-7. *Id.*

On February 26, 2020, the parties had their second meet and confer. Yu Decl. ¶ 28. Mr. Alrahib retreated from any potential compromise, however. While Mr. Alrahib's counsel confirmed that confidentiality issues were not an impediment to producing the documents disclosed in the criminal cases, he refused to produce anything on the bases that incarcerated individuals do not need to produce documents in the possession of his counsel (while admitting that he was not aware of any authority supporting that position). *Id.* Mr. Alrahib's counsel also stated that Mr. Alrahib was standing on his objections that the requests were overbroad and not relevant. *Id.* When asked how the requests were overbroad given that the documents produced in Mr. Alrahib's criminal cases all related to Mr. Alrahib's tax evasion that the court in the Action

has already determined to be relevant, Mr. Alrahib's counsel stated that it was his "intuition." *Id.* Mr. Alrahib's counsel admitted that he had no discussions with Mr. Alrahib about the documents and never reviewed them to confirm his hunch. *Id.* Mr. Alrahib's counsel also stated that Mr. Alrahib will not be producing any documents responsive to any other requests; that he had no discussions with Mr. Alrahib about any computers, phones or other devices that may contain responsive documents; he made no inquiry into other persons from whom Mr. Alrahib may obtain responsive documents; and that he has undertaken no efforts to collect or review any potentially responsive documents and that he will not be doing so. *Id.* ¶ 29. As to search terms, Mr. Alrahib's counsel initially denied that the parties even discussed the issue. *Id.* He later recalled the discussion but said that he was not going to do that now. *Id.* The parties agreed that they were at an impasse and Swisher informed Mr. Alrahib's counsel that it would be moving to compel. *Id.*

### III. LEGAL STANDARD

"The law's basic presumption is that the public is entitled to every person's evidence." *Farnsworth v. Procter & Gamble Co*., 758 F.2d 1545, 1546 (11th Cir. 1985) (citations omitted). Under Rule 45 of the Federal Rules of Civil Procedure, a party may command any person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). "Courts in this Circuit broadly construe control as the right, authority, or practical ability to obtain requested materials." *Cadle v. GEICO Gen. Ins. Co*., 2014 WL 12639859, at *6 (M.D. Fla. Aug. 29, 2014); *accord In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 430 (M.D. Fla. 2018). Documents within the possession or custody of a person's attorney are undeniably within a party's control. *Cherestal v. Sears Roebuck & Co*., 2013 WL 5305671, at *3 (M.D. Fla. Sept. 20, 2013); *Axler v. Scientific Ecology Group, Inc*., 196 F.R.D. 210, 212 (D. Mass. 2000) (stating that a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). In responding to a subpoena, the responding party and his counsel are obligated to make a reasonable inquiry and conduct a diligent search for responsive documents from all reasonably available sources. *V5 Techs. v. Switch, Ltd*., 332 F.R.D. 356, 366 (D. Nev. 2019); *In re Rosenthal*, 2008 WL 983702, at *4 (S.D. Tex. Mar. 28, 2008); *see also Rodman v. Safeway Inc*., 2016 WL 5791210, at *2 (N.D. Cal. Oct. 4, 2016); Fed. R. Civ. P. 26(g). When it appears that a response is incomplete, the court may require certification by nonparties that they have "conducted a search for the information reasonably available to them through their agents, attorneys, or others subject to their

control and has[ ] determined that the information requested either does not exist or that it has been produced." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 671–72 (N.D. Fla. 2010); *accord V5 Techs*, 332 F.R.D. at 366; *Gray v. Faulkner*, 148 F.R.D. 220, 224 (N.D. Ind. 1992); *Fresenius Med. Care Holding Inc. v. Baxter Int'l, In*c., 224 F.R.D. 644, 651 (N.D. Cal. 2004).

Where a party objects to discovery, the objections must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (citing *Panola Land Buyers Ass'n*, 762 F.2d 1550, 1559 (11th Cir. 1985)) (internal quotations omitted); *accord Fed. Trade Comm'n v. Simple Health Plans LLC*, 2019 WL 7371812, at *3 (S.D. Fla. Nov. 19, 2019). The onus is on the party resisting discovery to demonstrate how the objected-to request is unreasonable, irrelevant, unduly burdensome or otherwise outside the scope of discovery. *Alvar v. No Pressure Roof Cleaning, LLC*, 2018 WL 1187777, at *2 (S.D. Fla. Mar. 7, 2018); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001). Similarly, the person invoking any privilege bears the burden of proving its existence, *In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987), and must provide sufficient information to enable the parties to assess the claim. Fed. R. Civ. P. 45(e)(2)(A)(ii). In this Court, such information must be served no later than 14 days following the service of any claim of privilege or work product protection in response to a subpoena if all responsive documents are being withheld on the basis of such privilege or protection. S.D. Fla. L.R. 26.1(e)(2)(E).

## IV.   ARGUMENT

As required by the Local Rules of this Court, Swisher sets forth below for each subpoena request: "(A) verbatim the specific item to be compelled; (B) the specific objections; (C) the grounds assigned for the objection (if not apparent from the objection); and (D) the reasons assigned as supporting the motion as it relates to that specific item." S.D. Fla. L. R. 26.1(h)(2). For the Court's convenience, Swisher has grouped together Requests that present similar legal issues for the Court to resolve in ruling on Swisher's motion to compel. As explained in greater detail below, Mr. Alrahib has not asserted any valid objections to Swisher's Subpoena. Moreover, the parties' meet and confer process has confirmed that neither Mr. Alrahib nor his counsel has made a reasonable inquiry or conducted any search in responding to Swisher's subpoena. Accordingly, his objections and responses should be disregarded and Mr. Alrahib should be compelled to promptly comply with Swisher's Subpoena.

9

A.     **Mr. Alrahib Should Be Compelled to Produce Documents Disclosed in His Criminal Cases (Request Nos. 1-7)**

1.     **Specific Item to Be Compelled**

Swisher's Requests 1-7 seek documents that Mr. Alrahib and the government has produced in the Alrahib Tax Evasion Case and Alrahib Witness Tampering Case.

Specifically, Request 1 calls for "all documents or files listed in Exhibit A to the Government's First Response to the Standing Discovery Order filed on May 24, 2019 in the Alrahib Tax Evasion Case."   Yu Decl., Ex. T, Attach. at 4.

Request 2 calls for "all '[c]opies of any written and/or recorded statements made by [You],' the 'portion of the written record containing the substance of any oral statement made by [You] to law enforcement,' and the '[b]ooks, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to [You]' that the government produced or otherwise made available for inspection and copying in the Alrahib Tax Evasion Case after May 24, 2019." *Id.*

Request 3 calls for "all documents produced by or on behalf of You in response to the government's demand of reciprocal discovery set forth in the Government's First Response to The Standing Discovery Order filed on May 24, 2019 in the Alrahib Tax Evasion Case, including 'materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.'" *Id.*

Request 4 calls for "all documents or files described in Exhibit A to the Government's First Response to the Standing Discovery Order filed on December 22, 2019, in the Alrahib Witness Tampering Case." *Id.*

Request 5 calls for "all '[c]opies of any written and/or recorded statements made by [You],' the 'portion of the written record containing the substance of any oral statement made by [You] to law enforcement,' and the '[b]ooks, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to [You]' that the government produced or otherwise made available for inspection and copying in the Alrahib Witness Tampering Case after December 22, 2019." *Id.* at 5.

Request 6 calls for "all documents produced by or on behalf of You in response to the government's demand of reciprocal discovery set forth in the Government's First Response to The Standing Discovery Order filed on December 22, 2019 in the Alrahib Witness Tampering Case,

including 'materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.'" *Id.*

Request 7 calls for:

To the extent they are not included in Requests 1-6 above, all documents reflecting, describing, or otherwise concerning Your statements to any agents of the United States government regarding evasion of taxes, including:

a.   any reports of meetings between You and agents of the United States government on or around September 26 and 27, October 5 and 19, November 2 and 7, December 27, 2017, and January 22, 2018.

b.   Your proffers with the government, including a proffer with government officials in the Northern District of California in January 2018.

c.   All documents and communications concerning Your meeting with the federal agents at the federal building in Ohio, April 2015.

d.   All documents and communications concerning Your meeting with FBI agents during the third quarter of 2016.

e.   All documents and communications concerning Your meeting with DOJ/Homeland Security Agents in Nevada during the fourth quarter of 2016.

f.   All documents and communications concerning Your meeting with an agent that You believed worked with the DOJ during the fourth quarter of 2016 to February 2017.

g.   All documents and communications concerning Your meeting with ATF Agents in Nevada, first quarter 2017.

h.   All documents and communications concerning activities and information You reported to Your ATF handlers.

*Id.* at 5-6.

**2.   Specific Objections and the Grounds Assigned Therefor**

In response to Request Nos. 1-7, Mr. Alrahib has repeated the identical response that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute." Yu Decl., Ex. W at 2. During the parties' meet and confer, Mr. Alrahib's counsel further stated that no responsive documents will be produced because the documents are in Mr. Alrahib's criminal counsel's possession. Yu Decl. ¶ 28.

**3.   Reasons Supporting an Order Compelling Compliance**

The documents sought by Request Nos. 1-7 are indisputably relevant to the Action. The documents disclosed in the Alrahib Tax Evasion Case pertain to a tax evasion scheme that the court in the Action has already found to be material to TSI's claims of damages and injury and Mr. Alrahib's credibility, both of which are central issues in the Action. Moreover, the Alrahib Witness Tampering Case pertain to additional instances of tax evasion by Mr. Alrahib and his attempts to tamper with witness with information relevant to the Alrahib Tax Evasion Case. The Alrahib

Witness Tampering Case is therefore relevant to TSI's claims of future damages, which includes alleged lost profits extending to 2019 and beyond, during which Mr. Alrahib is alleged to have continued evading taxes; Mr. Alrahib's credibility; and potential spoliation of evidence relevant to the Action.  Moreover, both the Alrahib Tax Evasion Case and Alrahib Witness Tampering Case are relevant to Swisher's affirmative defenses of illegality and fraudulent inducement, as the charges in these cases indicate that TSI was never a legitimate business, but simply one of Mr. Alrahib's many business used as a part of his ongoing criminal activities.  The documents responsive to Request Nos. 1-7 are not burdensome to produce either, as they have already been collected, indexed and produced in the criminal cases.  Mr. Alrahib does not claim otherwise.

Mr. Alrahib's contention that the Requests are nevertheless objectionable are meritless. Mr. Alrahib cannot refuse to produce documents on the grounds that they are not in his possession, as a party is required to produce all responsive documents under his control, including documents in the possession of his attorneys.  *Cherestal*, 2013 WL 5305671, at *3; *Axler*, 196 F.R.D. at 212. Incarcerated individuals, like everyone else, must comply with a validly issued and duly served subpoena by producing responsive documents under his control.  *See United States ex rel. Rigsby v. State Farm Fire & Cas. C*o., 2010 WL 11651887, at *2 (E.D. Ky. June 25, 2010) (compelling incarcerated registered agent of a subpoenaed party to produce documents not in his actual possession on the grounds that they are within his control).  Moreover, Mr. Alrahib's objections that Requests 1-7 are overbroad must be disregarded as they are stated without any particularized explanation.  *Simple Health Plans LLC*, 2019 WL 7371812, at *3.  Indeed, Mr. Alrahib's counsel admitted that this objection was not asserted with respect to any specific documents or based on particular facts, but merely his "intuition."  Accordingly, Mr. Alrahib should be compelled to produce all documents responsive to Request No. 1-7 without further delay.

**B.**     **Mr. Alrahib Should Be Compelled to Conduct a Diligent Search for Documents That He Contends Do Not Exist (Request Nos. 11, 12, 15, 17 and 18)**

**1.**     **Specific Item to Be Compelled and Specific Objections and Responses Thereto**

Request 11 calls for "all documents reflecting the involvement in, or knowledge of, any of PLAINTIFFS' current or former employees, directors, officers, executives, shareholders, agents, or representatives other than You (including, but not limited to Jason Garrido, Sal Kureh, Ramzy Rahib, Mousa Rahib, Bill Schoep and Tatum Hilmoe) regarding any arrangements to avoid, underpay, underreport, evade or otherwise circumvent state or federal excise taxes on cigarillos

purchased, imported, sold or marketed by You or PLAINTIFFS." Yu Decl., Ex. T, Attach. at 11. Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that "no responsive documents exist." *Id.*, Ex. W at 2.

Request 12 calls for " all documents relating to Your involvement in the creation of false invoices that Tony Bryant/Havana 59 submitted to U.S. Customs and Border Protection or any customs broker, including all documents reflecting the involvement in, or knowledge of, any of PLAINTIFFS' current or former employees, directors, officers, executives, shareholders, agents, or representatives other than You (including, but not limited to Jason Garrido, Sal Kureh, Ramzy Rahib, Mousa Rahib, Bill Schoep and Tatum Hilmoe). *Id.*, Ex. T, Attach. at 8. Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that "no responsive documents exist." *Id.*, Ex. W at 2.

Request 15 calls for "all documents relating to Jason Garrido's involvement in the importation of cigarillos purchased, imported, sold or marketed by You or PLAINTIFFS, including his involvement in the avoidance, underpayment, underreporting, evasion or other circumvention of state or federal excise taxes on cigarillos purchased, imported, sold or marketed by You or PLAINTIFFS." *Id.*, Ex. T, Attach. at 8. Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that he "further objects insofar as the request seeks information related to cigarillos sold by 'You,' i.e., Mr. Alrahib, as irrelevant to any issues in dispute" and stated "that no such documents exist." *Id.*, Ex. W at 2. Mr. Alrahib further objected "that to the extent the request seeks documents from 'PLAINTIFFS,' the request should be directed to those parties." *Id.*

Request 17 calls for "all document relating to or reflecting any information You provided to Dr. DeForest McDuff in connection with the ACTION, including any notes, memoranda, or records of Dr. DeForest McDuff's discussions with You." *Id.*, Ex. T, Attach. at 8. Mr. Alrahib responded that "due to his incarceration he is not in possession of all of his personal documentary materials, but does not believe that any responsive documents exist." *Id.*, Ex. W at 2.

Request 18 calls for "all documents relating to or reflecting Your understanding of PLAINTIFFS' allegations that they suffered millions of dollars of lost profits as a result of DEFENDANT'S conduct, including the computation of lost profits by Dr. DeForest McDuff." *Id.*, Ex. T, Attach. at 8. Mr. Alrahib responded that he "objects that the request is overly broad, unduly

burdensome, and unduly vague insofar as it seeks 'all documents' reflecting '[his] understanding' of the fact that Plaintiffs lost millions of dollars as a result of Defendant's conduct." *Id.*, Ex. W at 2. Mr. Alrahib further stated that "[t]o the extent that the request is intended to seek documents reflecting Mr. Alrahib's understanding of Dr. McDuff's methodology, Mr. Alrahib refers Swisher to Dr. McDuff's several expert reports and Dr. McDuff's deposition and trial transcripts, and further responds that no other responsive documents exist." *Id.*

### 2. Reasons Supporting an Order Compelling Compliance

Mr. Alrahib's response that no documents exist in response to Request Nos. 11, 12, 15, 17 and 18 are deficient. As Mr. Alrahib's counsel admitted during the parties' meet and confer, neither he nor Mr. Alrahib conducted any search for responsive documents before making these representations. Yu Decl. ¶ 29. Mr. Alrahib's counsel made no inquiry into potential devices that may contain responsive documents nor asked Mr. Alrahib whether any other individuals from whom he could request documents may be in possession of any relevant documents. *Id.* Mr. Alrahib's counsel also conducted no search or review of the documents he previously collected during the parties' pre-trial discovery phase. *Id.* Compliance with a Rule 45 subpoena for the production of documents "entails the actual search for documents." *V5 Techs.*, 332 F.R.D. at 366. "A person subpoenaed for the production of documents is under an affirmative duty to seek that information reasonably available to her." *Id.* (citing *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). "This duty is discharged through the formulation and completion of a reasonable search conducted with due diligence." *Id.* Moreover, counsel may not simply rely on representation by his client that no responsive documents exist. *Rodman v. Safeway Inc.*, 2016 WL 5791210, at *3 (N.D. Cal. Oct. 4, 2016). Instead, counsel must guide and monitor his client's search for documents and question their thoroughness when appropriate. *Id.*; *see Abadia-Peixoto v. U.S. Dep't of Homeland Sec.*, 2013 WL 4511925, at *2 (N.D. Cal. Aug. 23, 2013) ("In the era of e-discovery, attorneys must take responsibility for ensuring that their clients conduct a comprehensive and appropriate document search."). This is particularly so given that Mr. Alrahib previously concealed material information in the Action and his counsel has admitted that he may have "negligently" failed to investigate Mr. Alrahib's tax evasion.

Moreover, there are reasonable bases to believe that documents responsive to these requests exist. For example, Request Nos. 11 and 15 seek documents relating to the involvement and knowledge of any other current or former employee or officer of TSI in any scheme to underpay

or evade taxes on TSI's products. According to the government, Mr. Alrahib admitted during his interview that several of his employees assisted him in evading taxes. Yu Decl., Ex. F at 11:23-12:13, 13:18-15:19, 29:5-21. Moreover, Mr. Alrahib confessed that "[e]verybody knew" about the tax evasion scheme. *Id.*, Ex. B at 4. Additionally, according to Mr. Alrahib's indictment in the Alrahib Tax Evasion Case, Mr. Alrahib "created and caused to be created false invoices" used in the tax evasion scheme. *Id.*, Ex. D at 5. Request No. 12 calls for such documents. Requests 17 and 18 seek documents reflecting any information Mr. Alrahib provided to TSI's expert and Mr. Alrahib's understanding of the lost profits computed by TSI's expert, Dr. McDuff. Responsive documents are likely to exist given that Mr. Alrahib and his co-conspirator worked with Dr. McDuff in connection with his expert report. *Id.*, Ex. B at 12. Accordingly, Mr. Alrahib and his counsel should be compelled to conduct a diligent search for responsive documents. If Mr. Alrahib maintains that no documents are found after conducting a diligent search, the court should order him to provide "a declaration under oath detailing the nature of the efforts to locate responsive documents." *See V5 Techs.*, 332 F.R.D. at 367.

Mr. Alrahib's other boilerplate objections to Request Nos. 11, 12, 15, 17 and 18 are unspecific and meritless and should be disregarded. *Simple Health Plans*, 2019 WL 7371812, at *3; *Walinbay S.A. v. Fresh Results, LLC,* 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014). Among other things, Mr. Alrahib objects to Request No. 11, 12 and 15 on the grounds of relevance, but these Requests are relevant to TSI's claims of injury and damages, as well as the credibility of TSI's other officers, employees and expert who testified in the Action.

**C.    Mr. Alrahib Should Be Compelled to Produce Documents For Which He Improperly Asserts the Fifth Amendment Privilege (Request Nos. 8, 10 and 21)**

**1.    Specific Item to Be Compelled and Specific Objections and Responses Thereto**

Request 8 calls for "all documents related to Your assertions in an interview conducted by Internal Revenue Service and Alcohol and Tobacco Tax and Trade Bureau agents on or around May 11, 2017" and references specific statements made by Mr. Alrahib that have been disclosed in the filings in his criminal cases. Yu Decl., Ex. T, Attach. at 6-7. Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute," "further objects to the extent the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or rule that precludes or limits the disclosure of information," and "further objects that if any responsive documents

exist, the request calls for his mental impressions and analysis to associate particular documents with particular statements, and thus implicates his Fifth Amendment right to avoid making potentially incriminating statements." *Id.*, Ex. W at 2.

Request 10 calls for "all documents relating to any arrangements between You and any PERSON(S) to avoid, underpay, underreport, evade or otherwise circumvent state or federal excise taxes on cigarillos purchased, imported, sold or marketed by You or PLAINTIFFS." *Id.*, Ex. T, Attach. at 7. Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that he "further objects that to the extent any responsive documents may exist, his production of them would tend to implicitly communicate statements of fact, including that such documents exist, are in his possession or control, and are authentic, and are thus privileged from disclosure pursuant to his Fifth Amendment right to avoid making potentially incriminating statements." *Id.*, Ex. W at 2-3.

Request 21 calls for "documents sufficient to show all payments or transfer of monies, goods, or any other assets among companies in which You have had or currently have an ownership interest, including PLAINTIFFS, FASST Holdings SRL, Trendsettah Dominicana SRL, Mark 11 Machinery and IST Brands, including records of all wire transfers." *Id.*, Ex. T, Attach. at 9. Mr. Alrahib responded that he "objects that the request is overly broad, unduly burdensome, and calls for documents that are not relevant to any issues in dispute" and "further objects that to the extent any responsive documents may exist, his production of them would tend to implicitly communicate statements of fact, including the that such documents exist, are in his possession or control, and are authentic, and are thus privileged from disclosure pursuant to his Fifth Amendment right to avoid making potentially incriminating statements." *Id.*, Ex. W at 4.

## 2. Reasons Supporting an Order Compelling Compliance

In addition to repeating his boilerplate refrain that Swisher's Requests are over broad and not relevant, which should be rejected for the reasons discussed already, Mr. Alrahib refuses to produce documents in response to Request Nos. 8, 10 and 21 on the grounds of Fifth Amendment privilege. The objection is not warranted. It has long been established that a person may be required to produce specific documents, even though they contain incriminating information. *See United States v. Hubbell*, 530 U.S. 27, 35–36 (2000) (citing *Fisher v. United States*, 425 U.S. 391(1976)). Where documents are voluntarily prepared before they are requested, for example, the Supreme Court has held that such documents do not contain "compelled testimonial evidence"

within the meaning of the Fifth Amendment, even if the contents are incriminating. *Id.* at 36 (citing *Fisher*, 425 U.S. at 409–10). When the "existence and location" of the documents under subpoena are a "foregone conclusion" and the witness "adds little or nothing to the sum total of the Government's information by conceding that he in fact has the[documents]," then no Fifth Amendment right is touched because the "question is not of testimony but of surrender." *Fisher*, 425 U.S. at 411 (quotations omitted). Moreover, a person cannot invoke the Fifth Amendment privilege over incriminating facts to which he has already admitted. *Rogers v. United States*, 340 U.S. 367, 372–73 (1951). "Disclosure of a fact waives the privilege as to details." *Id.* "Thus, if the witness himself elects to waive his privilege, as he may doubtless do, since the privilege is for his protection and not for that of other parties, and discloses his criminal connections, he is not permitted to stop, but must go on and make a full disclosure." *Id.*; *see also Sallah v. Worldwide Clearing LLC,* 855 F. Supp. 2d 1364, 1373 (S.D. Fla. 2012) (compelling production of documents where producing responsive documents does not divulge any new information).

Here, Mr. Alrahib has already admitted to four tax evasion schemes involving five co-conspirators. Indeed, Request No. 8 only seeks documents relating to specific statements he has already made to government agents, which have been publicly disclosed as well. Request No. 10 seeks documents relating to Mr. Alrahib's federal or state tax evasion schemes. Any responsive documents pertaining to criminal activities schemes that he has already voluntarily disclosed, including in interviews with the government agents in his two criminal cases pending in Florida and any proffers he has made to other government agencies, should be produced. As to Request No. 21, Mr. Alrahib's bases for invoking the Fifth Amendment privilege is unclear. Production of ordinary business records showing transfer of funds between various entities owned by or affiliated with Mr. Alrahib does not involve any compelled, self-incriminating testimonial act. Instead, Request 21 calls for "objectively determinable universes of documents and do not require [Mr. Alrahib] to employ the 'contents of [his] mind' to choose what documents might be responsive to the requests." *Sallah*, 855 F. Supp. 2d at 1373.

**D.  Mr. Alrahib Should Be Compelled to Produce a Privilege Log for Any Documents that He is Withholding on the Grounds of Privilege (Request Nos. 9, 19 and 20)**

**1.  Specific Item to Be Compelled and Specific Objections and Responses Thereto**

Request 9 calls for "all documents you provided to any attorney, employee, or other individual affiliated with Gaw | Poe LLP RELATING TO the ALRAHIB TAX EVASION CASE,

the ALRAHIB WITNESS TAMPERING CASE and the STATE TAX EVASION INVESTIGATION."[1] Yu Decl., Ex. T, Attach. at 7.  Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that he "further objects that insofar as it purports to demand 'all documents' provided to his counsel in conjunction with legal proceedings, such documents, if any exist, would be protected by the attorney-client privilege and/or the attorney work-product doctrine." *Id.*, Ex. W at 2.

Request 19 calls for "all communications between You and any PERSON(S) concerning a subpoena DEFENDANT served on Havana 59 in the ACTION." *Id.*, Ex. T, Attach. at 9.  Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that he "further objects to the extent the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or rule that precludes or limits the disclosure of information."[2] *Id.*, Ex. W at 4.

Request 20 calls for "all documents relating to the STATE TAX EVASION INVESTIGATION." *Id.*, Ex. T, Attach. at 9.  Mr. Alrahib responded that he "objects that the request is overly broad, unduly vague, and calls for documents that are not relevant to any issues in dispute" and that he "further objects to the extent the request seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or rule that precludes or limits the disclosure of information." *Id.*, Ex. W at 4.

## 2.    Reasons Supporting an Order Compelling Compliance

Mr. Alrahib objects to the production of documents responsive to Request Nos. 9, 19 and 20 based on privilege, but has not provided any information to assess such claims as required by the federal and local rules.  Fed. R. Civ. P. 45(e)(2)(A)(ii); S.D. Fla. L.R. 26.1(e)(2)(E).  Indeed, Mr. Alrahib's counsel admitted that the privilege assertions was not made with any particular

---

[1]  The State Tax Evasion Investigation was defined in the Subpoena as "an investigation by the federal prosecutors from the Eastern District of California concerning Your alleged evasion of state excise taxes related to the distribution of tobacco products in California."  Yu Decl., Ex. S, Attach. at 1.

[2]  Mr. Alrahib initially also objected to this Request on the grounds of Fifth Amendment privilege.  Yu Decl., Ex. W at 4.  During the parties meet and confer, Mr. Alrahib's counsel withdrew that objection, stating that he was not aware of any reasons that Mr. Alrahib's response to this Request would implicate the Fifth Amendment privilege.  *Id.* ¶ 27.

document in mind.  Yu Decl. ¶ 27.  Such blanket objections are "insufficient to assert a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,* 408 F.3d 1142, 1149 (9th Cir. 2005); *In re Grand Jury Subpoena,* 831 F.2d 225, 228 (11th Cir. 1987) (holding that "privilege must be asserted with a document-by-document explanation as to why the privilege shields the document from the subpoena's reach.").  Moreover, Mr. Alrahib asserts privilege over entire categories of documents that encompass documents that plainly would not be privileged.  For example, any communications Mr. Alrahib had with Mr. Bryant about Swisher's subpoena on Havana 59, which would be responsive to Request No. 19, could not possibly be privileged as the two co-conspirators are not in any attorney-client relationship.  Likewise, Request No. 20 calls for documents relating to the ongoing investigation of Mr. Alrahib for state tax evasion, which may include business records, communications with co-conspirators and communications with government agents, none of which would be protected by any privilege.  Similarly, Request No. 9 calls for documents that Mr. Alrahib provided to his counsel in the Action relating to the Alrahib Tax Evasion Case, the Alrahib Witness Tampering Case and the State Tax Evasion Case, which may include disclosures made in those cases or evidence relevant to those cases that are not privileged.  The mere act of sending these documents to his counsel in the Action, which does not even represent Mr. Alrahib in connection with his criminal proceedings, does not transform otherwise unprivileged documents into privileged ones.  *In re Grand Jury (Attorney-Client Privilege),* 527 F.3d 200, 201 (D.C. Cir. 2008).

Mr. Alrahib's other objections to Request Nos. 9, 19 and 20 based on his repetitive claims of relevance and over breadth are likewise unjustified.  These requests call for documents that are relevant to TSI's injury and damages, Mr. Alrahib's credibility and Mr. Alrahib's potential interference with evidence relevant to the Action.  Mr. Alrahib offers no explanation why or how these Requests are overbroad.  The Court should therefore order Mr. Alrahib to produce all responsive documents and immediately provide a privilege log for any withheld documents.

E.     **Mr. Alrahib Should Be Compelled to Produce Documents Relating to Kickbacks that He Received from the Tax Evasion (Request Nos. 13 and 14)**

1.     **Specific Item to Be Compelled and Specific Objections and Responses Thereto**

Request 13 calls for documents "all documents relating to any monies, goods, or any other assets You, Your family members or any of PLAINTIFFS' other current or former employees, directors, officers, executives, shareholders, agents, representatives, affiliates, consultants or

manufacturers (including, but not limited to, Jason Garrido, Sal Kureh, Ramzy Rahib, Mousa Rahib, Bill Schoep, Tatum Hilmoe, Productos del Tobacco and RGA Marketing) received from Tony Bryant/Havana 59, including any free machines or payments for Your employees' salaries, bonuses, benefits or any other compensation."  Yu Decl., Ex. T, Attach. at 8.  Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute" and that the terms "affiliates" and "consultants" are "vague and ambiguous."  *Id.*, Ex. W at 3.

Request 14 calls for "all documents relating to Your purchase of machinery used in the manufacturing or packaging of cigarillos purchased, imported, sold or marketed by You or PLAINTIFFS."  *Id.*, Ex. T, Attach. at 8.  Mr. Alrahib responded that he "objects that the request is overly broad and calls for documents that are not relevant to any issues in dispute."  *Id.*, Ex. W at 3.

### 2.    Reasons Supporting an Order Compelling Compliance

Mr. Alrahib has no valid bases for objecting to these Requests.  As the court in the Action found, the kickbacks Mr. Alrahib received as a part of his tax evasion scheme distorted TSI's costs and profits and rendered TSI's financial materially inaccurate.  Yu Decl. Ex. B at 12.  Moreover, the unreliability of TSI's financial records demonstrate the lack of any competent evidence of injury and damages.  *Id.*. Ex. C at 9-10.  Mr. Alrahib's refusal to produce highly probative documents based on boilerplate objections demonstrate his clear lack of good faith in responding to Swisher's Subpoena.  The Court should order Mr. Alrahib to produce responsive documents without further obstruction and delay.

### V.    CONCLUSION

For the foregoing reasons, the Court should grant Swisher's Motion to Compel and order complete production within 10 days of the Court's order.  To the extent Mr. Alrahib contends that no responsive documents exist for any of the Subpoena Requests following a diligent search, Swisher respectfully requests that Mr. Alrahib be ordered to submit a declaration under oath detailing the nature of the efforts to locate responsive documents.

### VI.    CERTIFICATE OF GOOD FAITH CONFERENCE

In compliance with the Local Rule 7.1 (a)(3), counsel for Swisher conferred with counsel for Mr. Alrahib on February 12 and 26, 2020, in a good faith effort to resolve the issues raised in this motion, but the parties have not been able to reach any resolution.  Yu Decl. ¶¶ 26-29.

Dated: March 9, 2020                           Respectfully submitted,

                                               By: _____/s/ Ryan Roman_____

                                               MICHAEL MARSH
                                               Florida Bar No. 0072796
                                               michael.marsh@akerman.com
                                               RYAN A. ROMAN
                                               Florida Bar No.: 0025509
                                               ryan.roman@akerman.com
                                               AKERMAN LLP
                                               One Southeast Third Ave.
                                               25th Floor
                                               Miami, FL 33131
                                               Main: (305) 374-5600
                                               Fax: (305) 349-4656

                                               *Attorneys for Swisher International, Inc..*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of March, 2020, I caused the foregoing document to be

served on the following via email:

Mark W Poe
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: mpoe@gawpoe.com

Randolph Gaw
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: rgaw@gawpoe.com

Samuel Song
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: ssong@gawpoe.com

Victor Meng
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: vmeng@gawpoe.com

*Attorneys for Akrum Alrahib*

s/Ryan Roman
Ryan Roman