# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC. <br><br> Plaintiffs, <br><br> v. <br><br> SWISHER INTERNATIONAL, INC., <br><br> Defendant. | Misc. Case No. 1:20-mc-21049-MGC |

## SWISHER INTERNATIONAL, INC.'S MOTION TO ADMINISTRATIVELY REOPEN CASE AND LIFT STAY

## I. INTRODUCTION

Swisher International, Inc. ("Swisher") is the defendant and judgment creditor in *Trendsettah USA, Inc. v. Swisher International, Inc.*, Case No. 1:18-CV-01664, pending in the United States District Court for the Central District of California. Swisher filed this miscellaneous action on March 9, 2020, to compel Mr. Akrum Alrahib's—the founder, former CEO, and one of the shareholders of Trendsettah USA and Trend Settah Inc. ("TSI")—compliance with a subpoena. The Court ordered Mr. Alrahib to comply with that subpoena, but Mr. Alrahib refused. Before Swisher could seek contempt, however, the district court in the underlying action granted TSI's motion for voluntarily dismissal. This Court then granted Swisher's motion to administratively close this case, subject to reopening if and when discovery in the underlying litigation resumed.

Such discovery is now underway. Swisher has obtained a multi-million-dollar fees and costs award against TSI and is seeking to enforce that judgment. The documents that the Court compelled Mr. Alrahib to produce in this action are relevant to that effort and well within the "very broad" bounds of discovery permitted by Rule 69. *Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016). Indeed, Swisher's subpoena seeks documents that bear directly on the financial interrelationship—and fraudulent business dealings—between TSI and affiliated entities that Swisher maintains operate a single enterprise from which it can collect the judgment entered in the underlying litigation. To enable Swisher to resume this discovery, the Court should administratively reopen this case and lift the stay entered on September 28, 2020.

## II. BACKGROUND

In 2014, TSI sued Swisher, alleging that it was an upstart competitor with a "low cost" product that had been "crush[ed]" by Swisher and deprived of "millions of dollars of lost profits."

1

(ECF No. 1-4 ¶¶ 6-7, 44.)  TSI's theory of the case was a sham: After a criminal indictment against Mr. Alrahib was unsealed in April 2019, Swisher discovered that TSI had concealed the fact that its "low cost" business model hinged on a criminal conspiracy between Mr. Alrahib and TSI's importer to evade millions of dollars in federal excise taxes.  On August 19, 2019, the district court set aside TSI's fraudulently secured judgment.  (ECF No. 1-5 at 14.)[1]

When discovery reopened, Swisher served Mr. Alrahib with a subpoena.  (ECF No. 1-3 ¶ 21.)  Among other things, this subpoena sought documents about the tax evasion scheme, including the financial workings of Mr. Alrahib's (and his family's) web of entities.  (ECF No. 1-23.)  After Mr. Alrahib stonewalled, Swisher filed this miscellaneous action on March 9, 2020, seeking to compel Mr. Alrahib's compliance with the subpoena.  (ECF No. 1.)  Mr. Alrahib did not respond for four months, and the Court granted Swisher's motion to compel—ordering Mr. Alrahib to produce (and order both his civil and criminal counsel to produce) responsive records.  (ECF No. 8 at 1.)

Mr. Alrahib did not comply with the Court's order.  (ECF No. 14 at 2.)  But before Swisher could move this Court to find Mr. Alrahib in contempt, the district court presiding over the underlying litigation granted TSI's motion for voluntary dismissal.  (ECF No. 16 at 1.)  In doing so, the district court stayed Swisher's then-pending discovery requests, observing that this discovery "may well be relevant" in the future to "inform[]" further proceedings in the underlying litigation.  (ECF No. 16-1, Ex. B at 4.)

---

[1]  A more fulsome description of TSI's fraud on the court and the proceedings in the underlying action is set out in ECF No. 1 at 2–6.  Mr. Alrahib remains detained pending trial on two indictments.  (Decl. of Alaina Fotiu-Wojtowicz, attached as Exhibit A, ¶3.)  His criminal counsel also has represented that the Eastern District of California is preparing to charge Mr. Alrahib.  (*See* Unopposed Motion to Continue Evidentiary Hearing, attached as Exhibit B.)  Mr. Alrahib's counsel also stated that the parties are discussing a plea deal.  (*Id.*)

2

Accordingly, Swisher moved to administratively close this case. (ECF No. 16.) As Swisher made clear at the time, it intended to resume this action when discovery restarted to "avoid any need to duplicate the time and expense already expended in obtaining service on Mr. Alrahib, pursuing this miscellaneous action, obtaining this Court's Order Granting Swisher International Inc.'s Motion to Compel (ECF No. 8), and meeting and conferring with Mr. Alrahib regarding his obligations to provide the documents sought." (*Id.* at 2.) The Court granted Swisher's motion and administratively closed the case on September 28, 2020, permitting Swisher to notify the Court when discovery in the underlying litigation resumed. (ECF No. 17.)

Since that time, the district court in the underlying action has ordered TSI to pay Swisher $10,462,480.60 in fees and costs. (*See* Order Regarding Motion for Attorney's Fees, attached as Exhibit C, at 14.) TSI has refused, and Swisher is now seeking to collect on its judgment. (Fotiu-Wojtowicz Decl. ¶ 4.) To that end, Swisher contends that TSI, Mr. Alrahib, and other companies and individuals with which they are affiliated constitute a single enterprise against which the judgment can be enforced. (Fotiu-Wojtowicz Decl. ¶5.) Swisher has propounded discovery to develop further evidence supporting this contention, which is in part focused on TSI's demonstrated history of "fraudulent intra-family transfers" involving Mr. Alrahib and other companies with which he is affiliated. (Ex. C at 6-7.)[2]

---

[2] This enterprise appears to include some combination of Mr. Alrahib; his brothers-in-law and business partners Ramzy Rahib and Mousa Rahib; TSI; ABC Distribution Inc., a wholesaler owned and operated by Mr. Alrahib, Mr. Rahib, and Mr. Rahib; IST Brands Inc., a successor entity to TSI; RGA Marketing, a company that employs all of the employees of TSI and its affiliated companies; and FASST Holdings, a Dominican Republic manufacturer that produces TSI's cigarillos.

3

### III. ARGUMENT

The Court has broad discretion to reopen this case. *Hedberg v. Actavis Grp.*, No. 810-CV-592-T-33TBM, 2010 WL 963196, at *1 (M.D. Fla. Mar. 16, 2010). This case was closed at Swisher's request with the provision that Swisher could notify the Court "when the court presiding over the underlying litigation determines that Swisher may again pursue discovery." (ECF No. 17.) Although the district court presiding over the underlying litigation has not issued a formal order authorizing further discovery, post-judgment discovery is now underway by operation of law. *See* Fed. R. Civ. P. 69(a)(2) (authorizing judgment creditors to "obtain discovery from any person . . . [i]n aid of the judgment or execution"). The Court therefore should enable Swisher to resume its efforts to compel relevant records from Mr. Alrahib.

Indeed, judgment creditors are "given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) (internal quotations and citations omitted); *see also Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."). And here, the records the Court has compelled are directly relevant to Swisher's claim that TSI, its officers (including Mr. Alrahib), and affiliated corporations are a single enterprise. For example, the Court has compelled Mr. Alrahib to turn over documents produced to him in his criminal prosecution. (ECF No. 8 at 1; *see also* ECF No. 1 at 4–5 (Requests Nos. 1–7). ) These likely include documents relevant to the financial relationship between Mr. Alrahib, TSI, and ABC Distributing Inc.—one of the entities owned by Mr. Alrahib's family that Swisher contends is part of the larger enterprise. (Fotiu-Wojtowicz Decl. ¶ 5.) TSI also has admitted that ABC's records

4

were subpoenaed in connection with a federal investigation in the Eastern District of California—another target of Swisher's subpoena. (ECF No. 1 at 7 & 9 (Requests Nos. 9 & 20).)

As but one more example, the Court has compelled Mr. Alrahib to direct his civil attorneys to produce documents "sufficient to show all payments or transfer of monies, goods, or any other assets among companies in which You have had or currently have an ownership interest, including [TSI], FASST Holdings SRL, Trendsettah Dominicana SRL, Mark 11 Machinery and IST Brands, including records of all wire transfers." (ECF No. 8 at 1; *see also* ECF No. 1 at 9 (Request No. 21).) This is the precise kind of "discovery into [third parties'] assets" that "is permissible when the 'relationship between the judgment debtor and the [third-party] is sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'" *Brown v. Sperber-Porter*, No. CV-16-02801-PHX-SRB, 2018 WL 4091696, at *2 (D. Ariz. Aug. 23, 2018). Indeed, the Court in the underlying litigation has already found that TSI has a history of "fraudulent intra-family transfers" that likely involve at least some of these entities. (Ex. C at 6-7.)

Reopening this case will thus enable Swisher to efficiently enforce the Court's order and obtain information that may be material to its ongoing efforts to collect a substantial judgment. To require otherwise would be inefficient: Swisher would have to serve a new (but substantially similar) subpoena, meet-and-confer anew, file a new miscellaneous action, and obtain an order compelling Mr. Alrahib's compliance—only to end up where it is now. If the Court merely lifts the stay in this case, by contrast, Swisher will promptly seek Mr. Alrahib's voluntary compliance, and, if he fails to comply with the Court's order, Swisher will promptly move for contempt or other appropriate relief.

## IV. CONCLUSION

For the foregoing reasons, Swisher respectfully requests that the Court administratively reopen this case and lift the stay entered on September 28, 2020.

## CERTIFICATION PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Swisher International Inc. certifies that, on June 10, 2021 she sent a letter attempting to meet and confer with Mr. Alrahib at the Miami Federal Detention Center, copying Mr. Alrahib's counsel in the underlying California litigation and his criminal counsel, regarding the relief sought in this Motion and has received no response from or on behalf of Mr. Alrahib as to whether Mr. Alrahib opposes the relief requested in this Motion.

Dated: June 23, 2021                          Respectfully submitted,

By: _____/s/ *Alaina Fotiu-Wojtowicz*_____

Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No.0084179
Brodsky Fotiu-Wojtowicz, PLLC
Counsel for Swisher International, Inc.
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com

*Attorney for Swisher International, Inc..*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of June, 2021, I caused the foregoing document to be served on the following:

Mark W Poe
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: mpoe@gawpoe.com

Randolph Gaw
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: rgaw@gawpoe.com

Samuel Song
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: ssong@gawpoe.com

Victor Meng
GAW POE LLP
4 Embarcadero Center Suite 1400
San Francisco, CA 94111
E-mail: vmeng@gawpoe.com

*Attorneys for Akrum Alrahib (via U.S. mail and e-mail)*

Thomas C. Goldstein
GOLDSTEIN AND RUSSELL PC
7475 Wisconsin Avenue Suite 850
Bethesda, MD 20814
Email: tgoldstein@goldsteinrussell.com

Eric F. Citron
GOLDSTEIN AND RUSSELL PC
7475 Wisconsin Avenue Suite 850
Bethesda, MD 20814
Email: ecitron@goldsteinrussell.com

*Attorneys for Trendsettah USA, Inc. and Trendsettah, Inc. in* Trendsettah USA, Inc. v. Swisher International, Inc.*, Case No. 8:14-CV-01664-JVS (C.D. Cal.) (via U.S. mail and e-mail)*

Howard Srebnick, Esq.
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A. 201
South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
E-mail: HSrebnick@RoyBlack.com

Jackie Perczek, Esq.
BLACK, SREBNICK, KORNSPAN & STUMPF, P.A. 201
South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
E-mail: JPerczek@RoyBlack.com

*Attorneys for Akrum Alrahib in* United States v. Alrahib*, Case No. 1:19-cr-20165 (S.D. Fla.) and* United States v. Alrahib*, Case No. 1:19-cr-20664 (S.D. Fla.) (via U.S. mail and e-mail)*

Akrum Alrahib, Reg. No. 74529-298
FDC Miami
Federal Detention Center
P.O. Box 019120
Miami, FL 33101
*(via U.S. mail)*

By:     */s/ Alaina Fotiu-Wojtowicz*
        Alaina Fotiu-Wojtowicz, Esq.