**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Underlying Action Pending in the Central District of California as**
**Case No.: 8:14-CV-01664-JVS**

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.,<br><br>Defendant. | CASE NO. 1:20-mc-21049-MGC |

**ALRAHIB'S OPPOSITION TO SWISHER'S MOTION TO "REOPEN"**
**MISCELLANEOUS CASE**

Third-Party, Akrum Alrahib ("Alrahib"), by and through undersigned counsel, respectfully submits this response in opposition to Swisher International, Inc.'s ("Swisher") Motion to Administratively Reopen Case and Lift Stay as follows:

**Memorandum**

Swisher's motion seeks to "reopen" a closed miscellaneous matter in this jurisdiction to seek enforcement of a subpoena it served on respondent Akrum Alrahib in the merits phase of a then-pending case titled *Trendsettah et al. v. Swisher International, Inc.*, No. 14-CV-1664-JVS (C.D. Cal.). But final judgment was entered in that case over nine months ago. *See* 14-CV-1664-JVS, Dkt. No. 596 (entered Sept. 28, 2020) (Exhibit 1). Of the tens of thousands of federal opinions to be found on Westlaw, there is evidently not a single case in which any federal court has ever (1) enforced discovery propounded in the merits phase of a case after the entry of final

1

judgment, or (2) simply acted as if merits discovery is the same as post-judgment discovery, and on that basis enforced pre-judgment discovery long after entry of final judgment, as if it were post-judgment discovery. If there is any precedent for such a thing, Swisher has not cited it.

Beyond the absence of any supporting precedent, Swisher's motion should be denied for at least four reasons:

***First***, it is generally accepted that district courts have no authority to make further discovery orders after final judgment, other than for discovery served pursuant to Federal Rule of Civil Procedure 69. For example, in *Public Citizen v. Liggett Group., Inc.*, the First Circuit squarely prohibited a district court from ordering a party to file discovery on the public docket after entry of final judgment, explaining that "the court lacked power to impose new discovery-related obligations after dismissing the case on the merits." 858 F.2d 775, 783 (1st Cir. 1988). More recently, the Eighth Circuit issued a writ of prohibition in similar circumstances, "because the district court lacks power to impose any new discovery-related requirements on the parties to the *Long* case after that lawsuit was settled and closed." *In re Robinson Helicopter Co., Inc.*, 818 F.3d 773, 774 (8th Cir. 2016). No discovery has been served on Alrahib pursuant to Rule 69.

***Second***, Swisher's motion misrepresents how Judge Selna dealt with Swisher's then-pending discovery in the underlying case, when he ordered dismissal and entered final judgment. Swisher describes Judge Selna as holding that "this discovery 'may well be relevant' in the future to 'inform[]' further proceedings in the underlying litigation." Mot. at 2 (quoting Minute Order re Mot. to Dismiss at 4) (entered on this docket at Dkt. No. 16-1). But Judge Selna did not abstractly rule that Swisher's prior discovery "may well be relevant" at some unspecified point "in the future," as Swisher would mislead this Court to believe. Rather, he held that "[d]epending on the Ninth Circuit's disposition, the discovery now sought may well be relevant."

2

Exhibit 2 (Order, p. 4) (emphasis added).  Judge Selna elaborated: "Should the Ninth Circuit remand for a new trial, Swisher would have an opportunity to renew its discovery requests," but that "[o]f course, if the Ninth Circuit reinstated the original verdict, the issue would be moot." *Id.* He followed that explanation with an emphatic holding:  "In no event, however, is further discovery warranted now."  *Id.* (emphasis added). The underlying case is currently pending before the Ninth Circuit.  *See* No. 20-56016 (9th Cir.).  That second appeal has not been resolved, so the express condition under which Swisher's prior discovery "may well be relevant" has not come to pass.[1]

***Third***, the condition that Swisher imposed on itself—and which was embodied in this Court's prior order closing the case—has not come to pass, either.  In moving to close the case and in proposing an order for this Court to sign, Swisher stipulated that it would "notify the Court when the court presiding over the underlying litigation determines that Swisher may again pursue discovery."  Dkt. No. 17 (emphasis added).  The "court presiding over the underlying litigation" has made no such "determin[ation]."  On the contrary, Swisher submitted two separate applications for judgment debtor exams on March 4, 2021.  *See* No. 14-CV-1664-JVS Dkt. Nos. 630, 631.  But the "court presiding over the underlying litigation" has not granted either of them, perhaps indicating that the court itself is awaiting "the Ninth Circuit's disposition," as indicated in its order dismissing the case.  *See* Dkt. No. 16-1 at 4.

---

[1] As the Ninth Circuit observed on the prior appeal, Swisher has had an unfortunate penchant for mis-stating the record in these proceedings:

> I had another problem, and that is that as I read [Trendsettah's brief] and then as I read [Swisher's brief] … I have to say that I found that the description of the record in [Trendsettah's brief] was accurate, and the description of the record in [Swisher's brief] was incomplete and misleading.  *Every time I checked*."

*Trendsettah v. Swisher*, No. 16-56823 (J. Fletcher, presiding, oral argument at 26:45 https://youtu.be/_nh2KU2lWGQ?t=1603).  Swisher's success in obtaining a second vacatur was likewise based on numerous misrepresentations of the record, and is likely to be reversed again.

*Fourth*, and despite neither Judge Selna's condition nor this Court's condition having been fulfilled, Swisher urges the Court to simply ignore prior orders and formalities, on the ground that it would be more "efficient" to equate merits discovery with post-judgment discovery under Rule 69, and simply act as if the subpoena Swisher issued over 18 months ago had been served pursuant to the latter rule. Mot. at 5. But federal courts do not toss the Rules and proper procedure aside simply to facilitate one party's view of "efficiency." As this very Court has observed, discovery under Rule 26 is not co-extensive with discovery under Rule 69. *See Cosmos Trading Corp. of Panama v. Banco Nacional de Cuba*, No. 07-20008-MC, 2007 WL 9706399, at *5 (S.D. Fla. Feb. 16, 2007), *report and recommendation adopted*, No. 07-20008-MC, 2007 WL 9706400 (S.D. Fla. Mar. 28, 2007) (noting that the "'limits of the concept of relevancy'" under the two rules "'must be somewhat different'") (quoting *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 333 (E.D. Pa. 1974)). And as another court in this District has very recently observed, discovery under Rule 69 "'must seek information that is relevant to executing the judgment against Judgment Debtors.'" *Matter of Bavelis*, No. 17-CV-61269, 2021 WL 1854034, at *2 (S.D. Fla. May 10, 2021) (quoting *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016)). While Swisher argues that *some* of the 21 requests from the subpoena it propounded in the merits phase of discovery could be shoe-horned into the proper scope of post-judgment discovery, it does not even try to argue that *all* of them "seek information that is relevant to executing the judgment against Judgment Debtors," *id.*, such that Alrahib's compliance *vel non* with the prior order can be converted into grounds for a motion for contempt related to *post*-judgment proceedings. Mot. at 4-5.

In that vein, the posture is completely different between Swisher's present motion, and the motion that led to this Court's prior order compelling merits discovery. Previously, the Court

granted Swisher's motion in full because Mr. Alrahib "ha[d] not filed a response to the Motion, and the time to do so ha[d] passed." Dkt. No. 8. Mr. Alrahib was previously unrepresented in this Court, and thus did not make any arguments at all about the propriety of Swisher's requests.[2] *See* Dkt. No. 12 (Mr. Alrahib's hand-written submission regarding order). He is now represented by the undersigned, and is thus better positioned to avail himself of the adversarial process on which our system depends, should Swisher later seek to serve him with post-judgment discovery under Rule 69.

## CONCLUSION

For all of the foregoing reasons, Swisher's motion should be denied.

Respectfully submitted,

**WEINBERG WHEELER HUDGINS GUNN & DIAL, LLC**

*/s/ Aaron M. Cohn*
AARON M. COHN
Florida Bar No. 264756
3350 Virginia Street, Ste. 500
Miami, FL  33133
T: 305-455-9500 F: 305-499-9501
Email:  acohn@wwhgd.com
　　　　dmallqui@wwhgd.com
　　　　malvarez@wwhgd.com
*Counsel for Akrum Alrahib*

---

[2]   Swisher further misstates the record in telling the Court that "Mr. Alrahib did not respond for four months." Mot. at 2. The truth is that he *did* respond to the subpoena, by timely serving written objections. *See* Dkt. No. 1-26 (Feb. 6, 2020 objection letter). He *also* responded to the Court's order compelling discovery. *See* Dkt. No. 12. Swisher's penchant for mis-describing the record is another reason why the Court should require it to follow proper post-judgment procedure, now that Mr. Alrahib is represented by counsel who is able to police Swisher's unfortunate habit.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that this document has been electronically filed on July 6, 2021, and a copy of the foregoing pleading will be delivered via electronic transmission generated by CM/ECF to all counsels of record.

*/s/ Aaron M. Cohn*
Aaron M. Cohn, Esq.
