# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.,<br><br>    Defendant. | Misc. Case No. 1:20-mc-21049-MGC |

## SWISHER INTERNATIONAL, INC.'S RESPONSE TO COURT ORDER (ECF NO. 27)

  Swisher International, Inc. ("Swisher") responds to the questions posed by the Court at the hearing on April 20, 2022 on Swisher International Inc.'s Motion to Administratively Reopen this Case and Lift Stay (ECF No. 18), and Swisher's Motion to hold Akrum Alrahib in Contempt (ECF No. 21), as set forth in the Court's Order following the hearing (ECF No. 27).

  The documents sought in Swisher's subpoena should have already been produced to Swisher. Indeed, this Court ordered the documents to be produced no later than June 29, 2020. (ECF No. 8.) This Court indisputably had jurisdiction over Alrahib and Swisher's subpoena such that its Order is required to "be obeyed by the parties until it is reversed by orderly and proper proceedings." *Maness v. Meyers*, 419 U.S. 449, 459 (1975). The Order has never been reversed, vacated, or amended in any way. To the contrary, this Court retained jurisdiction over its order and directed Swisher to notify the Court when post-judgment discovery resumed in the underlying case. (ECF No. 17.)



Indeed, the only reason Swisher is not currently in possession of the documents that the Court ordered Alrahib to produce is that he has chosen to willfully flout the Court's authority. As set out in Swisher's prior briefing (*see* ECF Nos. 18, 20, 21, 23), nothing that has occurred since the entry of the Court's Order compelling compliance with Swisher's subpoena has deprived the Court of the power or authority to vindicate and enforce its own Order. The Ninth Circuit's panel opinion, on which both Swisher and TSI have requested a rehearing, does not change this Court's authority to enforce its already-issued court order.

Policy considerations decisively weigh in favor of enforcing the Court's Order now. A refusal to require compliance with a lawfully entered, unambiguous, and enforceable Court Order goes beyond a discovery dispute between the parties. The time to contest the relevance or validity of Swisher's subpoena has long passed. The issue now before this Court is whether Alrahib may disregard a validly issued court order requiring compliance with Swisher's subpoena. Allowing Alrahib to benefit from his disobedience would incentivize litigants to disregard Court Orders in the hopes that something might occur down the road to allow them to avoid their obligations without consequence.

With this backdrop, Swisher responds directly to each of the Court's questions directed to the Parties as follows:

**A.     Does the recent Ninth Circuit opinion in this matter render this action moot? If not, should this court wait for a determination from Judge Selna on mootness?**

The answer to both questions is no. First, there has been no mandate issued by the Ninth Circuit attendant to the panel opinion issued on April 15, 2022. Fed. R. App. P. 41. "No opinion of [a circuit court] becomes final until the mandate issues." *Nat'l*



*Resources Defense Council, Inc. v. Count of Los Angeles*, 725 F.3d 1194 (9th Cir. 2013) (citing *Carver v. Lehman*, 558 F.3d 869, 878 (9th Cir. 2009); *see also Carver v. Lehman*, 558 F.3d 896, 878-79 (9th Cir. 2009) ("[u]ntil the mandate has issued, opinions can be, and regularly are, amended or withdrawn, by the merits panel at the request of the parties pursuant to a petition for panel rehearing, in response to an internal memorandum from another member of the court . . . or *sua sponte*, by the panel itself."); 1998 Adv. Comm. Note ("A court of appeals' judgment or order is not final until issuance of the mandate[.]"). Thus, proceedings before the Ninth Circuit are not yet final and are ongoing. Indeed, **both** Swisher and TSI moved for rehearing before the Ninth Circuit on Friday, April 29, 2022. Until the Ninth Circuit reaches a final decision and issues a mandate and Judge Selna enters additional orders, Swisher's attorney's fees award still stands.

Second, even if rehearing on the panel's opinion is denied and the Ninth Circuit issues a mandate consistent with that order, it does not render moot this Court's order or the discovery sought by Swisher's subpoena. The panel held that "Alrahib's concealment of his excise tax fraud scheme and its impact on Trendsettah's competitive viability precluded Swisher's defense to the antitrust claims from being fully and fairly presented." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 2022 WL 1123196 at *11, (9th Cir. 2022) (internal quotations omitted). The panel further held that "Swisher acted with reasonable diligence in discovering Alrahib's tax fraud scheme, which, if disclosed, would have likely altered the jury's verdict." *Id.* at *12. Accordingly, the panel affirmed Judge Selna's vacatur of the jury verdict for TSI's antitrust claims under Rule 60(b) based on "newly discovered evidence and fraud." *Id.* Thus, under the panel's opinion, Swisher is indisputably the prevailing party on TSI's federal and state antitrust claims. If the mandate



issues consistent with the panel's current opinion, the case will simply be remanded to the trial court for further proceedings, including further proceedings related to sanctions against TSI and its outside counsel, attorneys' fees for Swisher as the prevailing party on TSI's antitrust claims, and costs. Enforcement of this Court's prior Orders will advance, rather than frustrate, those further proceedings, particularly given TSI's attempts to distribute its assets to its affiliated companies, officers (including family), and its outside counsel. (ECF 20-1 at 6-7). In sum, nothing about the Ninth Circuit panel opinion precludes or is inconsistent with the Court's continuing authority and jurisdiction to enforce its discovery Order.

**B.    Can the subpoena in this matter – served during the merits phase of the underlying case – now be enforced in post-judgment discovery under Rule 69? What authority does the Court have to do so, and is there any binding case law on this point? Has the issue come up before Judge Selna?**

Yes, the Court can enforce its Order compelling Alrahib's compliance with Swisher's subpoena. As an initial matter, the Court already enforced the subpoena ***during*** the merits phase of discovery. The Court ordered Alrahib "to comply with Swisher's subpoena" by June 29, 2020. (ECF No. 8.) Thus, Swisher does not seek to enforce a subpoena, but rather to enforce this Court's prior Order compelling compliance with the subpoena. Binding United States Supreme Court precedent provides that this Court has continuing authority and jurisdiction to enforce its orders – including discovery orders – once entered. *See Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties ***until it is reversed by orderly and proper proceedings.***"); *see also Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986) (quoting *Riggs v. Johnson County*, 73 U.S.



166, 187 (1868)) ("It is black letter law that[] the jurisdiction of a court is not exhausted by the rendition of judgment, but continues until that judgment is satisfied.")[1]

While the identical issue has not yet come up before Judge Selna, he undeniably contemplated further proceedings to enforce discovery orders issued prior to judgment. In the California action, the Magistrate Judge entered an order compelling TSI to produce documents in response to Swisher's discovery requests. TSI failed to comply, so Swisher moved for a contempt order against TSI. Shortly before that motion was heard, TSI moved to voluntarily dismiss its claims in order to manufacture appellate jurisdiction. Swisher opposed and requested that Judge Selna condition TSI's dismissal on the completion of the pending discovery. TSI objected, arguing that such condition would be premature because no attorney's fee award had yet been entered and TSI could post a supersedeas bond while it pursues an appeal.

Judge Selna granted TSI's motion and declined to impose completion of discovery at that juncture as a condition to dismissal. Notably, Judge Selna vacated Swisher's pending motion for contempt and discovery **without prejudice** so that Swisher could pursue the contempt motion and the then-pending discovery in post-judgment proceedings. (ECF No. 16-2 at 4). As Judge Selna explained, ***"much of the discovery which Swisher now seeks would be relevant to post-trial motions for sanctions of***

---

[1]   *See also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) (the Court has the authority to enforce its own valid orders, even after judgment)*; Disability Advocates & Counseling Group, Inc. v. Floval Oil Corp.*, No. 05-23238-CIV-MARRA/JOHNSON, 2011 WL 13174690, at *2 (S.D. Fla. May 31, 2011) (recognizing that, even after entry of final judgment, "the Court still possesses the inherent power to vindicate its own authority and to effectuate its own decrees") (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991)).



***various types."*** (*Id.*)

Thus, Judge Selna did not invalidate the prejudgment discovery or the Magistrate Judge's prior discovery order upon the entry of judgment. To the contrary, Judge Selna made clear that Swisher could renew its motion for contempt when post-judgment proceedings continued.[2] Proceedings indeed continued in the California action with the active involvement of the Magistrate Judge and Judge Selna, just as Swisher has sought to pursue the enforcement of the Court's Order requiring compliance with Swisher's subpoena.

Alrahib has cited no authority that supports the proposition that a litigant can ignore a clear, unambiguous, and enforceable discovery order without repercussion. Alrahib has also cited no authority to support the proposition that this Court lacks the power and authority to enforce its prior discovery Orders. As set out herein, that is not the law. Alrahib should be compelled to comply with this Court's Order and should be held in contempt if he does not.

WHEREFORE for the foregoing reasons, and those set forth in the prior briefing on these issues (ECF Nos. 18, 20, 21, 23), Swisher respectfully requests that the Court: (1) enter an Order granting Plaintiff's Motion to Administratively Re-Open Case and Lift Stay (ECF No. 18); (2) enter an Order to Show Cause as to why Akrum Alrahib should not be held in contempt for failure to comply with the Court's June 18, 2020 Order

---

[2]   Under *Maness v. Meyers*, 419 U.S. at 459, Judge Selna certainly had the authority to proceed with contempt proceedings, although he declined to do so at that time given that attorney's fee award had not yet been entered and TSI represented that it could post a bond. The attorney's fee award has now been granted and TSI has failed to post a bond or pay one cent towards Swisher's award.



Granting Swisher's Motion to Compel (ECF No. 8); (3) schedule an evidentiary hearing on Swisher's Contempt Motion (ECF No. 21); (4) ultimately grant Swisher's Contempt Motion (ECF No. 21) and find Alrahib in contempt of the Court's June 18, 2020 Order; (5) impose sanctions sufficient to compel compliance with the Court's June 18, 2020 Order; and (6) grant such other and additional relief as the Court deems just and proper.

Dated: May 4, 2022

Respectfully submitted,

By: **Alaina Fotiu-Wojtowicz**
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 0084179
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Swisher International, Inc.*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com



## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 4th day of May, 2022, on all counsel or parties of record on the Service List below.

By: **Alaina Fotiu-Wojtowicz**
Alaina Fotiu-Wojtowicz, Esq.

## **SERVICE LIST**

Aaron M. Cohn
WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
3350 Virginia Street, Ste. 50
Miami, FL 33131
Tel: 305-455-9500
Fax: 305-499-9501
acohn@wwhgd.com
dmallqui@wwhgd.com
malvarez@wwhgd.com
*Counsel for Akrum Alrahib*

