**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

| | |
|---|---|
| TRENDSETTAH USA, INC., and TREND SETTAH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SWISHER INTERNATIONAL, INC.,<br><br>Defendant. | Misc. Case No. 1:20-mc-21049-MGC |

### SWISHER INTERNATIONAL, INC.'S RESPONSE TO ALRAHIB'S RESPONSE TO COURT ORDER (ECF NO. 30)

Swisher International, Inc. ("Swisher") responds to Akrum Alrahib's Response (ECF No. 30) to the Court's Order following hearing on April 20, 2022 on Swisher International Inc.'s Motion to Administratively Reopen this Case and Lift Stay (ECF No. 18), and Swisher's Motion to hold Akrum Alrahib in Contempt (ECF No. 21), as set forth in the Court's Order following the hearing (ECF No. 27).

In his Response to the Court's questions, Alrahib does not even attempt to explain why he failed to comply with the Court's order to produce the documents sought in Swisher's subpoena by no later than June 29, 2020. (ECF No. 8.) Nor can he, as Alrahib's counsel was ready and willing to produce many of the responsive documents as soon as Alrahib gave him instructions to do so. Alrahib also does not, and cannot, point the Court to any authority suggesting that the Court lacks the authority to enforce its own validly-issued orders. Instead, Alrahib simply asks the Court to exercise its discretion to condone his continuing defiance of the Court's clear, unambiguous,



and enforceable Order.

There is no good reason to why this Court should aid Alrahib's disobedience. To the contrary, "an order issued by a court with jurisdiction over the subject matter and person must be obeyed" to ensure orderly and proper court proceedings. *See Maness v. Meyers*, 419 U.S. 449, 459 (1975). This is particularly so given that the documents sought by Swisher are highly relevant to remaining proceedings in the California action. As explained in Swisher's supplemental briefing and below, further proceedings are inevitable regardless of whether the Ninth Circuit grants rehearing. Indeed, the documents sought by Swisher—which will likely shed further light on the extent of TSI's fraudulent conduct—will become even more important to resolving sanctions against TSI, its officers and outside counsel, and the parties' motions for attorney's fees and costs.

**A.    Does the recent Ninth Circuit opinion in this matter render this action moot? If not, should this court wait for a determination from Judge Selna on mootness?**

Alrahib concedes, as he must, that the Ninth Circuit's decision is not effective until the mandate issues. (Response at 2 (citing *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467-68 (5th Cir. 2013))). The mandate indisputably has not issued here and is stayed by the parties' respective petitions. Fed. R. App. P. 41(b). Both Parties thus agree that Swisher's attorney's fee award remains outstanding and enforceable. If TSI wanted to stay Swisher's enforcement activities, it could have simply posted a supersedeas bond while the appeal is resolved, just like it represented to the California court that it would. It chose not to and Alrahib now asks this Court to take a "salutary prudential approach" (citing to no authority) and grant TSI an effective stay of these proceedings by not enforcing this Court's long overdue order. Doing so would force Swisher to bear all of the risk that TSI, Alrahib and TSI's other officers will further hide the assets remaining in TSI and its affiliated companies, potentially leaving Swisher empty handed even if the Ninth



Circuit ultimately affirms Judge Selna's order in its entirety.

Even if the Ninth Circuit declines to grant rehearing, it does not moot this case. As set forth in Swisher's supplemental briefing, further proceedings in the trial court here are inevitable because Swisher is indisputably the prevailing party on TSI's federal and state antitrust claims under substantive Florida law. Alrahib nevertheless argues that because the panel "reinstated Trendsettah as the prevailing party on the contract dispute," Swisher cannot also be the prevailing party under Ninth Circuit law. (Alrahib's Response at 2, 3.) Alrahib is wrong.

As this Court has ruled in other cases, "statutes allowing for recovery of attorney's fees are substantive for *Erie* purposes." *Shave v. Stanford Fin. Group, Inc.*, 07-60749-CIV, 2008 WL 3200705, at *1 (S.D. Fla. Aug. 6, 2008) (Cooke, J.) (internal citations omitted). As a result, the Court "must look to Florida law to determine whether Defendant is the prevailing party . . . ." *Id.*; *see also Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, No. SACV14-01664 JVS (DFMx), 2017 WL 11477621, at *3 (C.D. Ca. Feb. 27, 2017) ("The parties agree that Florida law governs Trendsettah's motion [for attorneys' fees].")

As discussed at the April 20, 2022 hearing on this matter, "Florida law permits more than one prevailing party in a single lawsuit where each of the claims that support a fee award is 'separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong.'" *Shoreline Found., Inc. v. Brisk*, 278 So. 3d 68, 75–76 (Fla. 4th DCA 2019) (quoting *Leon F. Cohn, M.D., P.A. v. Visual Health & Surgical Ctr., Inc.*, 125 So. 3d 860, 863 (Fla. 4th DCA 2013)); *accord Folta v. Bolton,* 493 So. 2d 440, 443 (Fla. 1986) (holding that "where each claim is separate and distinct and would support an independent action, as opposed to being an alternative theory of liability for the same wrong, the prevailing party on each distinct claim is entitled to an award of attorney's fees for those fees generated in connection with

3



that claim"); *Fid. Warranty Servs., Inc. v. Firstate Ins. Holdings, Inc.*, 98 So. 3d 672, 677 (Fla. 4th DCA 2012) (reversing denial of fees to defendant that prevailed on one distinct claim); *Martinair Holland, N.V. v. Benihana, Inc.*, 815 F. App'x 358, 360 (11th Cir. 2020) ("Florida law permits more than one prevailing party in a lawsuit where each of the claims that support an attorney's fees award is separate and distinct."); *Davis v. Nat'l Med. Enters., Inc.*, 253 F.3d 1314, 1320 (11th Cir. 2001) (applying Florida law to hold that "[w]here claims are separate and divisible, each should be given separate consideration for the purpose of awarding attorneys' fees"). Thus, even if TSI is the prevailing party on its contract claim,[1] Swisher is clearly the "prevailing party" on TSI's Florida antitrust claims given that the claims could have been brought in separate, independent actions and require "different elements of proof." *Shoreline*, 278 So. 3d at 76.[2]

---

[1]   TSI's attempts to seek attorney's fees for its contract claims would also be subject to Swisher's defenses. Judge Selna previously recognized that, in light of Alrahib's tax fraud that have come to light, Swisher could assert defenses to TSI's enforcement of the parties' contract, including illegality and fraudulent inducement. *Trendsettah USA, Inc. v. Swisher Int'l Inc.*, No. SACV141664JVSDFMX, 2020 WL 1224288, at *7 (C.D. Cal. Jan. 21, 2020).

[2]   *Even if* federal law did apply here (it does not), Swisher would still be the prevailing party on TSI's antitrust claims. Indeed, Alrahib's statement that in the Ninth Circuit there "can be only one 'prevailing party'" (Response at 3), runs directly contrary to United States Supreme Court precedent on this issue. As the U.S. Supreme Court held in *Fox v. Vice*, where, as here, a plaintiff prevails on one claim in a suit "while also asserting an unrelated frivolous claim," the court should "award fees to both parties – to the plaintiff to reflect the fees he incurred in bringing the meritorious claim; and to the defendant to compensate for the fees he paid in defending against the frivolous one." 563 U.S. 826, 835 (2011); *see also e.g., Meidling v. Walgreen Co.*, 8:12-CV-2268-T-TBM, 2015 WL 12838340, at *2 (M.D. Fla. Jun. 19, 2015) (both parties were prevailing parties where "both parties prevailed on separate and distinct claims – Defendant prevailed on the ADA claims while Plaintiff prevailed on his claim for unpaid wages."). Alrahib relies on *In re Rolloffs Hawaii, LLC*, No. 16-01294, 2022 WL 567710, at *1 (Bankr. D. Haw. Feb. 23, 2022), to argue that it alone would be the prevailing party under Ninth Circuit law, but that is not so. That decision relies on the Federal Circuit's decision in *Shum v. Intel Corp.*, which actually held that the defendant was the prevailing party because it successfully defended most of the claims the plaintiff brought even though the plaintiff had achieved some limited victory. 629 F.3d 1360, 1368 (Fed. Cir. 2010). Even if *Shum* applied here, *Swisher* would be the prevailing party.



Under Florida law, Swisher is entitled to recover its fees in defending against TSI's baseless antitrust claims. As the panel noted, "Alrahib stated in his interview with an internal revenue agent that he was aware of the tax evasion and that's how we could compete in the marketplace." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 2022 WL 1123196, at *11 (9th Cir. 2022) (cleaned up). "Alrahib explained that there's no way [they] could compete without the benefits bestowed by the fraudulent evasion of federal excise taxes." *Id.* (internal quotations omitted). Alrahib and TSI nevertheless concealed this critical fact and pursued meritless antitrust claims, alleging that TSI was an upstart competitor with a burgeoning demand for its product, but was crushed by Swisher.

Florida law is clear that claims based upon false statements of fact lack "a judiciable issue of either law or fact", which entitles a defendant to attorneys' fees under Fla. Stat. § 542.22. *See e.g.*, *See Visoly v. Sec. Pac. Credit Corp.*, 768 So. 2d 482, 491 (Fla. 3d DCA 2000); *see also Wagner v. Uthoff*, 868 So. 2d 617, 619 (Fla. 2d DCA 2004) (awarding attorneys' fees pursuant to § 57.105, Fla. Stat., that were incurred because of plaintiff's knowingly relying on a false affidavit); *Davis v. Bill Williams Air Conditioning & Heating, Inc.*, 765 So. 2d 114, 115 (Fla. 1st DCA 2000) ("Appellee had no factual basis to support the allegations against Appellant. Filing a lawsuit with no factual basis 'is a classic situation in which fees should be assessed' under section 57.105, Florida Statutes.") (quoting *Sykes v. St. Andrews School*, 625 So. 2d 1317, 1318 (Fla. 4th DCA 1993)); *Froman v. Kirland*, 746 So. 2d 1120, 1121 (Fla. 4th DCA 1999) (fees were warranted under § 57.105 on the ground that the complaint was founded on unsupported and false statements

BFW
BRODSKY FOTIU-WOJTOWICZ

of fact.).³

In addition to attorney's fees under Florida statute, Swisher would be entitled to seek sanctions against TSI and/or its counsel. *See* (ECF No. 16-2 at 4) (Judge Selna explaining that "much of the discovery which Swisher now seeks would be relevant to post-trial motions for sanctions of various types"); *accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 50-51 (1991) (courts may award attorney's fees as sanctions under its inherent authority even if the relief is available under other statutory scheme); *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980) ("If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes."); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (courts may sanction parties or their lawyers under Rule 11, section 1927 or the court's inherent authority); *Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983) (holding that "imposing a monetary penalty on counsel is an appropriate sanction"); *Wachovia Bank v. Tien*, 406 F. App'x 378 (11th Cir. 2010) (affirming sanctions against plaintiff who made false assertions of ownership over funds in interpleader action, despite knowing the true ownership of the funds from the outset); *Miccosukee Tribe of Indians of Fla. v. Cypress*, 686 F. App'x 823 (11th Cir. 2017) (applying Fed. R. Civ. P. 11 and finding that, in Indian tribe's action alleging RICO and other state law violations, district court did not abuse its discretion in imposing sanctions for frivolous filings where second

---

³ Alrahib cites to Judge Selna's February 27, 2017 order granting TSI attorneys' fees even after it lost on its other claims, arguing "Judge Selna is obviously not going to change his mind and now say that *Swisher* is the prevailing party." (Alrahib's Response at 4.) That order was entered before Swisher was aware of the fraudulent basis of TSI's antitrust claims. Accordingly, Swisher's entitlement for attorney's fees award against TSI for bringing unfounded antitrust claims under Florida law was not at issue.



amended complaint contained false and unsupported allegations). Indeed, the panel and Judge Selna agree that TSI improperly secured its trial victory on its antitrust claims through fraud and concealment of Alrahib's tax fraud. *Trendsettah*, 2022 WL 1123196, at *11-12.

> **B. Can the subpoena in this matter – served during the merits phase of the underlying case – now be enforced in post-judgment discovery under Rule 69? What authority does the Court have to do so, and is there any binding case law on this point? Has the issue come up before Judge Selna?**

Alrahib cites no authority *at all* suggesting that this Court lacks the power and authority to enforce its prior discovery Order. Swisher, in contrast, has pointed the Court to both binding and supportive case law indicating this Court's power and authority to enforce its Order. *See e.g., Maness v. Meyers*, 419 U.S. 449, 459 (1975) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties ***until it is reversed by orderly and proper proceedings.***"); *see also Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir. 1986) (quoting *Riggs v. Johnson County*, 73 U.S. 166, 187 (1868)) ("It is black letter law that[] the jurisdiction of a court is not exhausted by the rendition of judgment, but continues until that judgment is satisfied."); *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) ("We note that the courts and commentators seem unanimous in finding such an inherent power to modify discovery-related protective orders, even after judgment . . . ."); *Disability Advocates & Counseling Group, Inc. v. Floval Oil Corp.*, No. 05-23238-CIV-MARRA/JOHNSON, 2011 WL 13174690, at *2 (S.D. Fla. May 31, 2011) (recognizing that, even after entry of final judgment, "the Court still possesses the inherent power to vindicate its own authority and to effectuate its own decrees") (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991)). Alrahib simply asks the Court to exercise its discretion to decline to utilize that power and authority. But Alrahib does not point to any persuasive reason for the Court to exercise its discretion in his favor and sound policy



considerations militate in favor of requiring litigants, like Alrahib, to timely comply with their court-ordered discovery obligations.

Finally, Alrahib's description of Judge Selna's ruling with respect to discovery in the underlying case is simply inaccurate. A review of Judge Selna's Order, which Swisher attached in its entirety to its Motion to Stay and Administratively Close Case (ECF No. 16-2) confirms that Judge Selna did not determine that Swisher's pre-judgment discovery was "rendered 'moot' by his final dismissal" (Alrahib's Response at 3). Indeed, as set forth in Swisher's prior filing, Judge Selna did not invalidate Swisher's prejudgment discovery or the Magistrate Judge's prior discovery order upon the entry of judgment. To the contrary, Judge Selna made clear that Swisher could renew its motion for contempt when post-judgment proceedings continued. (ECF No. 31 at 5-6.)

WHEREFORE for the foregoing reasons, and those set forth in the prior briefing on these issues (ECF Nos. 18, 20, 21, 23, 31), Swisher respectfully requests that the Court: (1) enter an Order granting Plaintiff's Motion to Administratively Re-Open Case and Lift Stay (ECF No. 18); (2) enter an Order to Show Cause as to why Akrum Alrahib should not be held in contempt for failure to comply with the Court's June 18, 2020 Order Granting Swisher's Motion to Compel (ECF No. 8); (3) schedule an evidentiary hearing on Swisher's Contempt Motion (ECF No. 21); (4) ultimately grant Swisher's Contempt Motion (ECF No. 21) and find Alrahib in contempt of the Court's June 18, 2020 Order; (5) impose sanctions sufficient to compel compliance with the Court's June 18, 2020 Order; and (6) grant such other and additional relief as the Court deems just and proper.

Dated: May 11, 2022

BFW
BRODSKY FOTIU-WOJTOWICZ

Respectfully submitted,

By: **Alaina Fotiu-Wojtowicz**
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 0084179
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Swisher International, Inc.*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 11th day of May, 2022, on all counsel or parties of record on the Service List below.

By: **Alaina Fotiu-Wojtowicz**
Alaina Fotiu-Wojtowicz, Esq.

## SERVICE LIST

Aaron M. Cohn
WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
3350 Virginia Street, Ste. 50
Miami, FL 33131
Tel: 305-455-9500
Fax: 305-499-9501
acohn@wwhgd.com
dmallqui@wwhgd.com
malvarez@wwhgd.com
*Counsel for Akrum Alrahib*

