### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

Case No. 20-mc-21049-COOKE/DAMIAN

*Entitled Action Pending in U.S.D.C. Central District of California*
*Case No.: 8:14-CV-01664-JVS*

TRENDSETTAH USA, INC., and
TREND SETTAH, INC.,

      Plaintiffs,

vs.

SWISHER INTERNATIONAL, INC.,

      Defendant,
and

AKRUM ALRAHIB,

      Third Party Defendant/
      Subpoena Respondent.
_____/

### ORDER FOLLOWING STATUS CONFERENCE

THIS CAUSE is before the Court following a Status Conference set by the Court *sua sponte* and on Swisher International, Inc.'s ("Swisher"), Renewed Motion to Hold Akrum Alrahib in Contempt of Court for Failure to Comply with the Court's May 19, 2022 Order (the "Contempt Motion"), filed August 19, 2022 [ECF No. 58].[1]

THE COURT has reviewed the Contempt Motion and the relevant portions of the record and is otherwise fully advised in the premises. The Court also heard from the parties and counsel at a hearing held September 19, 2022, regarding the status of Subpoena

---

[1] This matter was referred to the undersigned by the Honorable Robin L. Rosenberg, United States District Judge, on behalf of the Honorable Marcia G. Cooke, United States District Judge, for appropriate resolution. [ECF No. 44]. *See* 28 U.S.C. §§ 636(b)(1)(A) and (B).

Respondent, Akrum Alrahib's ("Mr. Alrahib"), compliance with Swisher's Subpoena and the relevant Court Orders.

    **A.**   *Documents Responsive To Swisher's Subpoena Request Nos. 1–7*

        **1. Protective Order In Criminal Matter**

At the hearing, counsel from the law firm Black, Srebnick, Kornspan, & Stumpf, P.A. ("BSKS"), which previously represented Mr. Alrahib in criminal proceedings, appeared and produced documents, specified on the record, responsive to Subpoena Request Nos. 1 through 7 in compliance with this Court's September 2, 2022 Order. [ECF No. 62]. These documents and the corresponding information were provided to Swisher's counsel at the hearing. Swisher's counsel confirmed they will not conduct a review of the documents until further order of this Court.

BSKS addressed the Court to raise its concern that, despite this Court's Orders, they are prohibited from disclosing the documents responsive to Subpoena Request Nos. 1 through 7 in these proceedings in light of the fact that the documents are subject to a Protective Order Governing the Use and Dissemination of Sensitive Discovery Information entered on May 20, 2019, by United States District Judge Federico A. Moreno (the "Protective Order") in the criminal case *United States v. Alrahib*, Case No. 19-cr-20165-RS (the "SDFL Criminal Matter").[2] Mr. Alrahib previously indicated, and again confirmed, that he does not object to the production of the documents from BSKS to Swisher's counsel. Further, Swisher's counsel

---

[2] Specifically, the Protective Order provides that "defense counsel and the Government shall restrict access to this sensitive information, and shall disclose this information to their clients, office staff, investigators, independent paralegals, necessary third party vendors, consultants and to anticipated fact or expert witnesses only to the extent that counsel believe is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter." [*United States v. Alrahib*, No. 19-cr-20165, ECF No. 47].

informed the Court that the Assistant United States Attorney ("AUSA") in the SDFL Criminal Matter also does not oppose the production of the documents to Swisher's counsel, subject to Swisher's counsel complying with the Protective Order. Consequently, Mr. Alrahib indicated, as stated on the record at the hearing, that he is willing to file an unopposed motion to modify the Protective Order in the SDFL Criminal Matter requesting that the Court allow Mr. Alrahib's current/former civil and defense counsel, including BSKS, to disclose the documents to Swisher and its counsel and to allow Swisher and its counsel to review the documents in compliance with the terms of the Protective Order. Mr. Alrahib's motion is unopposed based on Swisher's counsel's representation to the Court that the AUSA in the SDFL Criminal Matter does not oppose the disclosure of the documents.[3] Therefore, Swisher's counsel will await a ruling from the Court in the SDFL Criminal Matter before reviewing the documents produced by BSKS.

### 2.  Potentially Privileged Documents

At the hearing, BSKS further informed the Court that it is in possession of two discs and an email that may contain privileged documents responsive to Subpoena Request Nos. 1 through 7. With regard to these documents, BSKS agreed to print and mail the documents to Mr. Alrahib at the Federal Correctional Institution in Miami, Florida ("FCI Miami"), for his review.

Mr. Alrahib agreed that he will review the documents and identify documents, if any, that he seeks to withhold on the basis of attorney-client privilege. He further agreed to prepare a privilege log, if necessary, identifying such privileged documents and provide it to Swisher's

---

[3] Swisher's counsel represented that they will confirm with the AUSA in the SDFL Criminal Matter that he agrees that Mr. Alrahib's motion may indicate it is unopposed.

counsel. BSKS also agreed to hold the original electronic copies of the two discs and the email and to make any documents identified as privileged by Mr. Alrahib available for *in camera* review by this Court, if necessary.

### 3. Criminal Defense Counsel in California

Swisher's counsel requested that Mr. Alrahib instruct his former criminal defense counsel in California, Malcolm Segal of the law firm Segal & Associates, P.C. (the "Segal Firm"), to produce documents responsive to Subpoena Request Nos. 1 through 7. Mr. Alrahib agreed that he will not object to or interfere with the Segal Firm's production of Mr. Alrahib's documents to counsel for Swisher. Therefore, the Segal Firm may produce to counsel for Swisher copies of Mr. Alrahib's documents within their possession forthwith.[4] As noted above, Mr. Alrahib indicated on the record that he is willing to file an unopposed motion to modify the Protective Order in the SDFL Criminal Matter requesting that the Court allow Mr. Alrahib's current/former civil and defense counsel to disclose responsive documents to Swisher and its counsel and to allow Swisher and its counsel to review the documents in compliance with the terms of the Protective Order. It is unclear whether documents in the Segal Firm's possession fall within the Protective Order.

### B. *Documents Responsive To Swisher's Subpoena Request Nos. 8–21*

With regard to Request Nos. 8 through 21 of the Subpoena, Mr. Alrahib indicated that he will contact the law firm Gaw Poe LLP, current civil counsel representing entities affiliated with Mr. Alrahib in the underlying action in California, to confirm whether they have any documents or information responsive to Subpoena Request Nos. 8 through 21 that belong to,

---

[4] The Court instructed counsel for Swisher to provide a copy of the instant Order to counsel at the Segal Firm to make them aware that Mr. Alrahib indicated that he has no objection to their production of Mr. Alrahib's documents to counsel for Swisher.

originated with, or were provided by Mr. Alrahib in his individual capacity, and, if so, what the volume of such documents and information is. Mr. Alrahib indicated he will contact the Gaw Poe firm by email or written correspondence.[5]

Accordingly, for the reasons stated on the record at the hearing and herein, it is hereby ORDERED and ADJUDGED as follows:

1.      Mr. Alrahib shall file an unopposed motion to modify the Protective Order in the SDFL Criminal Matter, as set forth above and discussed on the record, on or before **October 4, 2022**;

2.      Mr. Alrahib shall contact counsel at Gaw Poe LLP, as set forth above, on or before **October 4, 2022**;

3.      Mr. Alrahib shall review the documents provided by the BSKS firm and notify counsel for Swisher of any privileged documents, as set forth above, by **October 20, 2022**;

4.      Mr. Alrahib is under a continuing obligation to inform counsel for Swisher if any other documents responsive to the Subpoena are identified or located;

5.      Swisher's Contempt Motion [ECF No. 58] is **DENIED WITHOUT PREJUDICE** to revisit pending Mr. Alrahib's compliance with this Court's Orders; and

6.      This matter will be set for a telephonic status hearing by separate order.

**DONE and ORDERED** in Chambers at Miami, Florida, this 20th day of September 2022.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court also instructed counsel for Swisher to provide a copy of the instant Order to counsel at the Gaw Poe firm to make them aware Mr. Alrahib's correspondence is forthcoming.

Copies furnished to:

Hon. Marcia G. Cooke
Counsel of Record

Mr. Akrum Alrahib (BOP #74529-298)

Black, Srebnick, Kornspan, & Stumpf, P.A.
c/o Jackie Perczek, Esq.

Segal & Associates, PC
c/o Malcolm Segal, Esq.

Gaw|Poe LLP
c/o Mark Poe, Esq.