**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Entitled Action Pending in U.S.D.C. Central District of California**
**Case No.: 8:14-CV-01664-JVS**

TRENDSETTAH USA, INC., and
TREND SETTAH, INC.

                    Plaintiffs,

    v.

SWISHER INTERNATIONAL, INC.,

                    Defendant.

Misc. Case No. 1:20-mc-21049-JEM

## SWISHER INTERNATIONAL, INC.'S MOTION TO DETERMINE AMOUNT OF ATTORNEYS' FEES AWARD

Swisher International, Inc. ("Swisher"), by and through undersigned counsel moves for an award of $35,066.68 in attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and the Court's Omnibus Order dated March 6, 2023 (ECF No. 86). In support of its Motion, Swisher states as follows:

### I.    ENTITLEMENT TO FEES.

On March 6, 2023, this Court entered an Order finding Swisher is entitled to attorneys' fees and costs as follows:

> As indicated above, it has taken three (3) years to resolve this subpoena compliance matter. Although the delay is not entirely attributable to Mr. Alrahib's actions (or inactions), Mr. Alrahib failed to comply with his obligations pursuant to the Subpoena and with multiple Court orders directing his compliance.
>
> Federal Rule of Civil Procedure 37(a)(5)(A) provides that the Court must require the party whose conduct necessitated a motion to compel to pay the movant's reasonable expenses incurred in filing the motion, subject to some exceptions. Pursuant to Rule 37(a)(5)(A), the Court finds an award of fees is warranted and appropriate. Under the circumstances, in which not all of the delays were attributable to Mr. Alrahib, the Court finds that an award of fifty percent (50%) of the expenses incurred in compelling Mr. Alrahib's compliance with the Subpoena



is appropriate.

(ECF No. 86 at 12.)   Accordingly, the Court has already determined that Swisher is entitled to recover 50% of its reasonable fees and costs expended in compelling Mr. Alrahib's compliance with the Swisher Subpoena pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and the only issue remaining for the Court is to determine the amount of the award.

## II.   THE AMOUNT OF THE FEE AWARD SOUGHT.

### A.   The Lodestar Formula.

In determining a reasonable fee award, both Federal and Florida courts apply the lodestar formula. *Beach Bars USA, LLC v. Indem. Ins. Corp. of DC*, No. 11-cv-60883, 2015 WL 11422318, at *1 (S.D. Fla. May 6, 2015); *see also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). Under the "lodestar" formula "the fee is determined by multiplying the number of hours reasonably expended on the litigation times the reasonable hourly rate." *Beach Bars*, 2015 WL 11422318, at *1.

The Court "is itself an expert on the question" of the reasonableness of a claim for attorney's fees and "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To determine a reasonable hourly rate, a court must look to the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1292; *see also Rowe*, 472 So. 2d at 1151 ("the prevailing market rate" is "the rate in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services."). In determining the reasonableness of claimed fees, Florida



courts look to criteria set forth in the Florida Bar Code of Professional Responsibility,[1] which the Florida Supreme Court has acknowledged are "essentially the same as those considered by the federal courts." *Rowe*, 471 So. 2d at 1150 & n.5.

The hours expended by Swisher's counsel, as well as their respective qualifications, experience and reputations, are set forth in the Declaration attached as Exhibit A. As the Eleventh Circuit has cautioned, fee applicants must exercise "billing judgment." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Accordingly, Swisher's attorneys have

---

[1]    *Rowe* held that calculation of the lodestar is informed by some, but not all, of the criteria outlined in Disciplinary Rule 2-106(b) of the Florida Bar Code of Professional Responsibility (now Rule 4-1.5(b) of the Rules of Professional Conduct), prescribing consideration of a number of factors in determining a reasonable fee. Those factors are:

> (1)  The time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly.
>
> (2)  The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
>
> (3)  The fee customarily charged in the locality for similar legal services.
>
> (4)  The amount involved and the results obtained.
>
> (5)  The time limitations imposed by the client or by the circumstances.
>
> (6)  The nature and length of the professional relationship with the client.
>
> (7)  The experience, reputation, and ability of the lawyers or lawyers performing the services.
>
> (8)  Whether the fee is fixed or contingent.

*Rowe*, 472 So. 2d at 1150.



reviewed the time expended and excluded from their fee application any "excessive, redundant, or otherwise unnecessary" hours. *Id.*

As set forth in the Court's Order, Swisher was forced to file numerous motions and attend numerous hearings over the course of nearly three years in order to obtain compliance with the Court's June 19, 2020 Order compelling compliance with Swisher's Subpoena (ECF No. 8).  As a result, the fees sought are higher than might ordinarily be expected in a simple miscellaneous action to enforce an out-of-state subpoena.  The hours expended, however, were necessary to obtain compliance with the Subpoena under the unique facts and circumstances of this case involving obtaining compliance from an incarcerated, uncooperative individual who repeatedly frustrated Swisher's attempts to compel compliance—requiring Swisher to file several motions, appear at several hearings, and undertake extensive correspondence.

**B. The Amount Sought.**

Pursuant to Local Rule 7.3(a)(3), the total amount of attorney's fees incurred by the law firm of Brodsky Fotiu-Wojtowicz, PLLC ("BFW") for the representation of Swisher in this litigation is $104,857.50.  After conducting an independent review of BFW's billing records in this case and removing all billing entries that were not strictly necessary to the enforcement of the Swisher Subpoena, the total amount of attorney's fees claimed by BFW in this fee application is $69,045.00.  Additionally, Swisher seeks recovery for costs in the amount of $1,088.35 to pay for the transcripts for the four hearings that too place in this matter.  Pursuant to the Court's prior Order (ECF No. 86), 50% of the total fees and costs reasonably incurred is $35,066.68.



### 1. Terms of the Applicable Fee Agreement.

Pursuant to Local Rule 7.3(a)(4), BFW agreed to represent Swisher on a billing arrangement that called for the client to pay a rate of $500 per hour for partner time and $425 per hour for the time of the Of Counsel assigned to this matter.  Other time-keepers are billed at their standard hourly rate.  The amount charged is below BFW's current partner and Of Counsel billing rate because these rates have not been increased during the three years this litigation has continued.

### 2. Reasonableness of the Fees and Costs Sought.

Pursuant to Local Rule 7.3(a)(5), (a)(6), and (a)(7), attached as Exhibit A is the Declaration of Alaina Fotiu-Wojtowicz in support of this Motion, which describes (i) the identity, experience, and qualifications for each timekeeper for whom fees are sought; (ii) the number of hours reasonably expended by each timekeeper; (iii) a description of the tasks done during those hours; and (iv) the hourly rate claimed for each timekeeper.

### III.    CONCLUSION.

WHEREFORE for the foregoing reasons, Swisher International, Inc. respectfully requests that the Court enter Order (a) awarding Swisher its attorneys' fee and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) in the amount of $35,066.68; (b) requiring Akrum Alrahib to make payment to Swisher in the amount of $35,066.68 within thirty (30) days of the date of this Order by making payment to Brodsky Fotiu-Wojtowicz, PLLC Trust Account f/b/o Swisher International, Inc., mailed to:

Brodsky Fotiu-Wojtowicz, PLLC
200 SE 1st Street, Suite 400
Miami FL 33130



or as otherwise agreed between BFW and Mr. Alrahib; and (c) awarding such other and additional relief as the Court deems just and proper.

<u>**CERTIFICATION PURSUANT TO S.D. Fla. L.R. 7.1(a)(3)**</u>

Pursuant to Local Rule 7.1(a)(3)(A), counsel for Swisher certifies that she sent Mr. Alrahib a letter addressed to the correctional institution where he is currently incarcerated inviting him to meet and confer on the issues raised in this Motion. To date, he has not responded. Moreover, throughout the course of this case counsel for Swisher has sent numerous documents and correspondence to Mr. Alrahib at the appropriate correctional institution and he has never once responded or made any attempt to engage with the undersigned in any way related to this case.

Dated: March 20, 2023.

Respectfully submitted,

By: **Alaina Fotiu-Wojtowicz**
Alaina Fotiu-Wojtowicz, Esq.
Florida Bar No. 0084179
Brodsky Fotiu-Wojtowicz, PLLC
*Counsel for Swisher International, Inc.*
200 SE 1st Street, Suite 400
Miami, Florida 33131
Tel: 305-503-5054
Fax: 786-749-7644
alaina@bfwlegal.com
docketing@bfwlegal.com

BFW

BRODSKY FOTIU-WOJTOWICZ

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by Notice of Electronic Filing generated by CM/ECF, on this 20th day of March, 2023, on all counsel or parties of record.

By: **<u>Alaina Fotiu-Wojtowicz</u>**
Alaina Fotiu-Wojtowicz, Esq.

I further certify that the foregoing document has been furnished by U.S. Mail, this 20th day of March, 2023, to the following:

Akrum Alrahib, BOP #74529-298
RRM Long Beach
1299 Seaside Avenue
San Pedro, CA 90731

By: **<u>Alaina Fotiu-Wojtowicz</u>**
Alaina Fotiu-Wojtowicz, Esq.

